## Ex parte John P. Maule.

1. **Misdemeanor:** COMPLAINT.  A complaint charging the commission of a misdemeanor under the criminal law of the state will be held sufficient when collaterally assailed, if it contains sufficient to show a violation of law, and will not be held to be vitiated because it contains surplusage or redundant matter.

2. ————: JURISDICTION OF COUNTY JUDGE. When a defendant is arrested upon a complaint filed with the county judge charging a misdemeanor, and such defendant upon arraignment before such judge pleads guilty to the charge preferred, the county judge has authority, under section 313 of the criminal code, to render judgment of a conviction, within his jurisdiction, and enforce the same by imprisonment, as in other cases of a conviction of misdemeanor.

3. ————: ————: MITTIMUS : HABEAS CORPUS.  In such case where the mittimus correctly recites the judgment, but commands the jailer to receive the defendant into the cell of the common jail of the county, but there is no allegation in the petition for *habeas corpus* that he is imprisoned in a cell or otherwise than prisoners are ordinarily confined, a writ of *habeas corpus* will not issue;  the confinement not being shown to be illegal.

HABEAS CORPUS.

*John P. Maule, pro se.*

*William Leese, Attorney General, contra.*

REESE, J.

This is an application for a writ of *habeas corpus*.  From the petition it appears that a complaint was made before the county judge of Fillmore county, charging James E. Mack and others with a violation of chapter 50, Compiled Statutes of 1885, in the sale of intoxicating liquors without a license.  A warrant was issued for his arrest, and upon being brought before the county judge he plead guilty to

18

the charge, and under the provisions of section 313 of the criminal code he was fined the sum of $100.00, and in default of payment was committed to the jail of the county, there to be confined until fine and costs were paid. A mittimus was issued by the county judge in the usual form, setting out the judgment as above stated, but commanding the jailer to receive said Mack into his custody in the " cell " of the jail of said county, there to be confined until the said fine and costs were paid, etc.

Some complaint is here made as to the form of the complaint filed with the county judge. That it is inartistically and unskillfully drawn cannot be questioned, as it is literally *stuffed* with repetitions and unnecessary averments, but it clearly charges a violation of law, and when the surplusage and redundant matter are eliminated there is sufficient to support a conviction.

It is next claimed that the county judge had no jurisdiction to pronounce judgment. This jurisdiction is conferred by section 313, *supra*, which is as follows:

"When the complaint is for a misdemeanor only, of any grade of punishment whatever, if the cause is pending before the probate (county) judge of the county, before whom the defendant enters a plea of guilty to the complaint, it shall be lawful for such judge, in his discretion, to render judgment of fine or imprisonment, or both, according to the law of the case, and pass sentence accordingly, and enforce the same according to law."

There is no suggestion that the jurisdiction given by this section and assumed by the court is in violation of the provisions of section 16, article VI. of the constitution, or that the judgment rendered is in excess of the powers of the county judge. Therefore the judgment is not for this reason void.

The principal contention is, that the clause in the mittimus requiring the keeper of the common jail to receive the convicted party into the *cell* of the jail of the county is in

violation of his rights, and that the imprisonment is therefore unlawful. It is not alleged that this clause of the mittimus is followed in any respect. Indeed such an assumption is clearly negatived by the petition. The judgment is that he be confined in the jail of the county until the fine and costs are paid, and is in the usual form. This judgment is correctly recited in the mittimus, and the petition alleges that he is "confined in the common jail of said county." The imprisonment, therefore, is not unlawful, and the writ will be denied.

WRIT DENIED.

THE other judges concur.