In re OSCAR CHENOWETH ET AL.

FILED NOVEMBER 17, 1898. No. 10270.

1. Unlawful Sale of Intoxicating Liquors: JURISDICTION OF COURTS. Neither a justice of the peace nor a county judge has jurisdiction to try one charged with selling intoxicating liquors contrary to section 11, chapter 50, Compiled Statutes.

2. County Court: JURISDICTION: CRIMES. The criminal jurisdiction of a county court or county judge is the same as that of a justice of the peace.

3. ——: ——: ——. Section 16, article 6, of the constitution does not invest the county courts of the state with any criminal jurisdiction whatsoever, but authorizes the legislature to define the criminal jurisdiction of such courts within certain limitations.

4. ——: ——: ——. The county courts of the state have not by the legislature been invested with any criminal jurisdiction, except as above stated.

Error from the district court of Clay county. Tried below before Hastings, J. *Affirmed.*

*William M. Clark,* for petitioners.

*Ambrose C. Epperson, contra.*

Ragan, C.

Oscar Chenoweth and John Chenoweth were charged before the county judge of Clay county with having sold intoxicating liquors contrary to the provisions of section 11, chapter 50, Compiled Statutes. On being arrested and brought before the county judge they demanded that he proceed as county judge or as county court to call a jury and try them for the offense with which they were charged. This the county judge refused to do, but as an examining magistrate did conduct a preliminary examination, recognized the accused to appear at the first day of the next term of the district court, admitted them to bail, which being unable to give, the accused were committed to jail. They then made application to the judge of the district court for a writ of habeas corpus, which was denied, and they have brought that judgment here for review on error.

1. Section 11 of the bill of rights (Constitution, art. 1, sec. 11) provides that in all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. If, therefore, the county judge or county court had jurisdiction to try the accused for the offense with which they stood charged, they are

48

unlawfully restrained of their liberty and the writ must issue.  The questions then presented by the record are:

Has the county judge or the county court jurisdiction to try a person for the offense of selling intoxicating liquors without a license contrary to the provisions of section 11, chapter 50, Compiled Statutes?  Section 2, chapter 20, Compiled Statutes, confers upon county judges in their respective counties the ordinary powers and jurisdiction of a justice of the peace.  If, therefore, a justice of the peace would have had jurisdiction to try the accused for the offense with which they were charged, the county judge had such jurisdiction.  But section 314 of the Criminal Code limits the jurisdiction of a justice of the peace in criminal misdemeanors to cases in which the fine cannot exceed $100 or the imprisonment three months.  The punishment for violating section 11, chapter 50, Compiled Statutes, is fixed at a fine of not less than $100 nor more than $500, or imprisonment not to exceed a month.  Since the accused, if tried and found guilty, might have been fined more than $100, neither a justice of the peace nor the county judge had jurisdiction to try them.

2. Had the county court jurisdiction to try the accused?  Section 16, article 6, of the constitution provides: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians, and settlement of their accounts; in all matters relating to apprentices; and such other jurisdiction as may be given by general law.  But they shall not have jurisdiction in criminal cases in which the punishment may exceed six months imprisonment, or a fine of over five hundred dollars."  The petitioners insist that by this section of the constitution the county courts of the state are invested with jurisdiction to try persons accused of violating section 11, chapter 50, Compiled Statutes, since the punishment for the violation of that statute does not exceed a fine of $500 or an imprisonment

of more than one month. But this section of the constitution does not of itself confer upon the county courts of the state any criminal jurisdiction whatever. It leaves it to the legislature to define the criminal jurisdiction of the county courts within certain limitations. The legislature has never conferred upon the county courts of this state any criminal jurisdiction, except such as that possessed by justices of the peace. The judgment of the district court is right and is

AFFIRMED.