JOHN G. STETTER ET AL. V. STATE OF NEBRASKA.

FILED DECEMBER 21, 1906. No. 14,780.

1. Criminal Law: PLEA IN ABATEMENT. Where a plea in abatement in a criminal prosecution presents questions of law only, it is proper for the trial court to determine such questions without the intervention of a jury.

2. ————: COUNTY COURT: JURISDICTION. A county court or county judge has the same powers and jurisdiction in criminal matters as a justice of the peace, and may entertain a complaint, issue a warrant, conduct the preliminary hearing in a case where the offense is beyond his jurisdiction, and may hold the defendant to bail for his appearance in the district court.

3. **Statutes: Enactment: Evidence.** An enrolled bill, as found on file in the office of the secretary of state, bearing the signature of the legislative officers and approved by the governor, is *prima facie* evidence of its passage, and cannot be overthrown by the legislative journals where they are silent on that matter.

4. **Gaming: Evidence.** *Held,* That the evidence contained in the bill of exceptions is sufficient to sustain a conviction for a violation of the provisions of section 215 of the criminal code.

Error to the district court for Cherry county: William H. Westover, Judge. *Affirmed.*

*Allen G. Fisher* and *A. M. Morrissey,* for plaintiffs in error.

*Norris Brown, Attorney General* and *W. T. Thompson,* contra.

Barnes, J.

An information was filed in the district court for Cherry county against John G. Stetter and Harry F. Hilsinger, hereafter called the defendants, charging them with a violation of section 215 of the criminal code, which provides: "Every person who shall set up or keep any gaming table, faro bank, keno, or any kind of gambling table or gambling device or gaming machine of any kind or description, under any denomination or name whatsoever, adapted, devised and designed for the purpose of playing any game of chance for money or property, except billiard tables, or who shall keep any billiard table for the purpose of betting or gambling, or shall allow the same to be used for such purpose, shall, upon conviction, be punished by fine of not less than three hundred dollars and not exceeding five hundred dollars, or be imprisoned in the penitentiary not exceeding two years." To the information they filed a plea in abatement by which they alleged, in substance, that they had never had or waived a preliminary examination, because the original complaint on which they were arrested was filed before the county judge of Cherry

county, and such officer had no jurisdiction to receive the complaint, to issue a warrant thereon or conduct a preliminary examination in the premises. They also alleged in said plea that the section of the statute on which the information was founded had never been legally or constitutionally passed by the legislature of the state, and for that reason was unconstitutional and void. The state filed an answer to the plea, and the defendants thereupon demanded a jury trial on the issues thus raised. This was denied by the court, and the defendants excepted. Thereupon the issues were tried to the court, and resolved against the defendants. Thereafter they filed what they called a plea in bar, which was overruled and a trial on the merits of the case was had to a jury. They were convicted, and sentenced to pay a fine of $300 each, together with the costs of the prosecution, and from that judgment they have brought the case to this court by separate petitions in error.

1. Defendants now contend that the district court erred in not granting their request for a jury trial on their plea in abatement. This contention cannot be sustained. The plea presented no disputed question of fact. The questions raised thereby were questions of law, as applied to the record before the court, and arising on an examination of the original bill attested by the legislative officers, signed by the governor and found on file in the office of the secretary of state, together with the legislative journals concerning its passage. In such a case it is the duty of the trial court to determine the legal questions presented without the intervention of a jury.

2. It is claimed that the court erred in overruling said plea: First, because the county court or county judge was without jurisdiction as an examining magistrate, and therefore the defendants had never had or waived a preliminary examination; second, for the reason that section 215 of the criminal code is unconstitutional, because it was never passed by the legislature in the manner provided by law; that the title of the bill, attested by the legislative

officers, signed by the governor, and found on file in the office of the secretary of state, is different from the title of the bill introduced and passed by the legislature.

The first of these two questions was before us in *Ex parte Maule*, 19 Neb. 273, where it was held that a county judge has authority to receive a plea of guilty in a misdemeanor case, to render a judgment thereon of conviction within his jurisdiction, and enforce the same by imprisonment as in other cases of misdemeanor. The matter was before us again in the case of *In re Chenoweth*, 56 Neb. 688, where it was said that the criminal jurisdiction of a county court or county judge is the same as that of a justice of the peace. It will not be contended that a justice of the peace is not an examining magistrate, and so we are of opinion that the defendants' contention on this point is not well founded.

Defendants' counsel, however, devote most of their argument to the proposition that section 215 of the criminal code is unconstitutional. It may be conceded that this point is well taken, provided the record sustains the fact relied upon. It appears that on the trial of this question there was introduced a certified copy of the original bill containing the section in question, as found in the office of the secretary of state. This bill bears on its face a complete refutation of the claim made by the defendants. There was also introduced by the defendants a copy of the legislative journals relating to the passage of the act in question, and it is claimed that this evidence is sufficient to overthrow the evidence of the bill itself. On this question we are not without authority. In *State v. Frank*, 60 Neb. 327, it was held that the enrollment, authentication and approval of an act of the legislature are *prima facie* evidence of its due enactment. While the legislative journals may be looked into for the purpose of ascertaining whether a law was properly enacted, yet the silence of these journals is not conclusive evidence of the nonexistence of a fact which ought to be recorded therein regarding the enactment of a law. In the body of the opinion in that

case we find the following: " 'So, here, it must be made to affirmatively appear that amendments of the house bill in question were adopted by the senate and were not concurred in by the house.' The enrolled bill has its own credentials; it bears about it legal evidence that it is a valid law; and this evidence is so cogent and convincing that it cannot be overthrown by the production of a legislative journal that does not speak, but is silent. Such seems to be the conclusion reached by a majority of the courts; and such, certainly, is the trend of modern authority. To hold otherwise would be to permit a mute witness to prevail over evidence which is not only positive, but of so satisfactory a character that all English and most American courts regard it as ultimate and indisputable." Again in *Colburn v. McDonald*, 72 Neb. 431, the same question was presented, and it was there said: " 'The silence of the legislative journals is not conclusive evidence of the nonexistence of a fact, which ought to be recorded therein, regarding the enactment of a law.' *State v. Frank*, 60 Neb. 327. In order to overthrow such enrolled bill, it must be made to affirmatively appear by the journals that it did not pass." We find nothing in the copy of the senate and house journals relating to the passage of the act in question that shows any change or amendment, nor is there any affirmative showing therein that the bill, as introduced originally in the senate, was not properly passed. So we are of opinion that the defendants' plea in abatement was properly overruled. It is contended, however, that a former attorney general was of the opinion that the law was not properly passed. And, again, it is said that the defendants should not be punished, because the city council had passed a resolution allowing gambling to be conducted in the saloons of the city of Valentine. But these propositions are practically abandoned by the defendants, and do not deserve our serious consideration.

3. Counsel for the defendants contend, in a general way, that the evidence is not sufficient to sustain the verdict.

This has compelled us to carefully read the bill of exceptions. It seems to be an undisputed fact that the gambling devices found by the sheriff in the possession of the defendants when he arrested them, were in a building situated in Valentine, Cherry county, Nebraska, occupied by defendants at that time, and for several months prior thereto, as a saloon. The evidence also shows conclusively that there had been what is commonly called a "poker table," together with cards and chips, in the back room of the saloon; another such table, together with what is called a "roulette wheel," in the back end of a pool room occupied by the defendants for more than a year prior to the time of their arrest. And it was shown by the testimony of seven apparently reputable witnesses that these devices had all been used in playing games for money, frequently, during all that time. So we are constrained to hold that the evidence is amply sufficient to sustain the verdict.

From an examination of the whole record we are satisfied that the defendants had a fair and impartial trial, and, finding no reversible error therein, the judgment of the district court is

AFFIRMED.