CLARENCE J. BURRIS ET AL. v. STATE OF NEBRASKA.

FILED JUNE 7, 1920. No. 21409.

Receiving Stolen Goods: EVIDENCE. Evidence that recently after an automobile had been stolen in the state defendant was in possession of it outside of the state, and other incriminating circumstances connecting him with receiving it in the state, knowing it to have been stolen, may be sufficient to sustain a conviction for that felony.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. Affirmed.

Frank C. Yates, for plaintiff in error.

Clarence A. Davis, Attorney General, and Henry J. Beal, contra.

ROSE, J.

In a prosecution by the state, Clarence J. Burris and Wade. Gregory, defendants, were charged jointly in separate counts of the same information with stealing in Douglas county, Nebraska, July 21, 1919, a Chevrolet automobile, engine No. 35,849, license No. 191,783, the property of Hans C. Peterson, and with receiving in

104 Neb.—41

Douglas county, Nebraska, July 21, 1919, the automobile described, knowing it to have been stolen. The jury found defendants not guilty on the count for larceny, and guilty on the count for receiving stolen property. Defendant Burris was sentenced to serve in the penitentiary a term of five years, and defendant Gregory a term of one year. As plaintiffs in error they present for review the record of their conviction.

Defendants rely for a reversal on the insufficiency of the evidence to prove that they received the automobile in Douglas county, Nebraska, as charged in the information. The complaining witness, Peterson, bought the car June 30, 1919, and it was stolen from him July 21, 1919, shortly after 2 o'clock p. m., while standing on a street in Omaha. Early in September, 1919, defendants drove the car into Dekalb, Missouri. They undertook at the trial to explain their possession by proof that the car used by them had been driven to the home of J. M. Gregory, father of defendant Gregory, and father-in-law of defendant Burris, at Wallace, Missouri, by J. H. King, about noon July 21, 1919; that J. M. Gregory bought the car from King the next day; and that it was not identified as Peterson's. The testimony relating to this explanation and to the plea of not guilty was adduced at some length, but the jury were justified in disbelieving the crucial parts of it. There is conclusive proof that Peterson's automobile was stolen in Omaha as late as 2 o'clock p. m., July 21, 1919, and that therefore it was not in Wallace, Missouri, about noon or at any other hour of that day. The car found in possession of defendants in Missouri was positively identified as Peterson's. The engine bore the original number, which had not been entirely effaced. The electric battery in the car when purchased by Peterson had been temporarily removed before the car was stolen, and had been replaced by a different battery, which was still in the car when it was taken from defendants. The car found in their possession and restored to Peterson was

also identified by other earmarks. While the possession of defendants in Missouri is not of itself evidence that they received the automobile in Douglas county, Nebraska, knowing it to have been stolen, it may be considered with other circumstances in determining that issue. *Commonwealth v. Phelps*, 192 Mass. 591. There is additional evidence tending to prove the following facts: Defendants were acquainted with Peterson, having lived in the same rooming house with him in Omaha. They knew he owned the identical car subsequently stolen from him. They had occupied it with him. One of them taught Peterson how to operate it. They were in Omaha shortly before it was stolen, and shortly thereafter they were in Wallace, Missouri, where it was kept after it was stolen. Three days after the commission of the larceny defendant Burris met Peterson on a street in Omaha, and the former acted peculiarly, turning his head away. When defendants first saw Peterson in Dekalb, Missouri, with an officer, they started across a park, and hid in a patch of weeds, where they were arrested. A brother of defendant Gregory was an occupant of the car when it was driven into Dekalb, but he made no effort to join defendants in their attempt to evade Peterson and the officer. There is proof of these incriminating facts, and in connection with the possession of defendants under the circumstances disclosed the evidence is sufficient to sustain the conviction.

AFFIRMED.

ALDRICH, J., not sitting.