FRED HANS V. STATE OF NEBRASKA.

FILED NOVEMBER 13, 1922.    No. 22508.

1. **Criminal Law:** VERDICT: SUFFICIENCY OF EVIDENCE. Where the evidence is sufficient to justify a jury in believing therefrom beyond reasonable doubt that the accused is guilty, the verdict will not be set aside because of the mere possibility of his innocence.

2. Evidence examined, and found sufficient to sustain the verdict of the jury.

3. **Criminal Law:** MISCONDUCT OF COURT AND COUNCIL: REVIEW. Alleged misconduct of court and counsel during argument, though argued in the brief, will not be considered, in the absence of **any reference** thereto in the record.

ERROR to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*C. E. Walsh* and *Ray J. Abbott,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., ROSE and DAY, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The defendant, Fred Hans, stoutly insists that the verdict of his conviction in the trial court was not sustained by the evidence, but upon a careful examination of the record we are unable to agree with his contention.

He was charged with receiving stolen property, a Ford sedan, belonging to one Rudolph Luttgen, of Omaha. The car was taken on the city street, and about three weeks later the owner found it in the hands of Alfred Hans, a brother of the defendant, who said that the latter had recently purchased it. Mr. Luttgen's identification of his property was complete. Indeed, defendant does not seriously contend that the car was not Luttgen's, or that it was not stolen from Luttgen, but only that he was not guilty of stealing it, and that he did not know that it

had been stolen when he bought it. He asserted, as did his brother, that he had innocently purchased it for $400 in cash from a J. H. Clark, who had a bill of sale for it from Jake Hudspeth, an Omaha dealer in used motor vehicles. And in this two of his fellow employees at the garage where he worked corroborated him.

On the other hand, the state showed by testimony, both competent and convincing, that the said Clark was none other than the said Alfred Hans, and that the described bill of sale from Hudspeth was for an old Ford chassis actually bought by Alfred, which bill of sale was more or less cunningly altered to show the purchase of a sedan instead of such chassis. It further appears by competent evidence that the engine number of the sedan was obviously defaced and changed, a circumstance which in itself infers guilt on the defendant's part, and also that the two brothers were in close association, much in each other's company, living together, and using their cars considerably in common.

From all this, which the evidence was sufficient to establish, if believed, the jury were at liberty to find that the defendant was guilty of the crime charged. And since the issue was fairly submitted under unimpeachable instructions, both as to reasonable doubt and otherwise, the verdict will not be disturbed. Where the evidence is sufficient to justify reasonable men in believing beyond reasonable doubt that an accused is guilty, the reviewing court will not set aside the finding of the jury because of the possibility of his innocence.

Complaint is made by defendant that the county attorney was guilty of misconduct in his argument to the jury, and that the trial judge was remiss in leaving the courtroom for a time while such argument was going on. But there is no reference to anything of the kind in the bill of exceptions, and, being without support in the record, it cannot be considered by this court.

The other assignments of error are not much argued in defendant's brief, and perhaps should not be noticed

in this opinion. We have, however, examined them in close connection with the record. They pertain to the conduct of the case upon trial, and are mainly directed to the rulings of the court in the reception of evidence, evidence as to the sale of the Ford chassis from Hudspeth to Clark, and as to the finding of the same at or near the Hans home, evidence as to the alteration of the bill of sale in question, and evidence as to the identity of Clark with Alfred Hans. Such evidence was generally competent and material. Nor can we find any ruling in the record wherein the court committed reversible error.

The judgment of the lower court should therefore be, and it hereby is

AFFIRMED.