State, ex rel. Whitacre, v. Smith.

---

STATE, EX REL. HOWARD WHITACRE, APPELLANT, .V. W. D. SMITH, SHERIFF, APPELLEE.

FILED JUNE 8, 1926.    No. 24852.

**Intoxicating Liquors:** SENTENCE. The relator was charged in the county court with the unlawful sale of intoxicating liquor, and pleaded guilty and was sentenced to imprisonment in the county jail for 60 days, the first and last 20 days of which to be on bread and water, and to pay a fine of $100. *Held*, that such charge comes within section 3238, and the punishment within section 3288, Comp. St. 1922; *held*, further, that such court at such time was without jurisdiction to impose a sentence of both fine and imprisonment, hence the sentence is void.

APPEAL from the district court for Burt county: JAMES M. FITZGERALD, JUDGE. *Reversed, with directions.*

*A. R. Oleson,* for appellant.

*O. S. Spillman, Attorney General, Harry Silverman* and *Herbert Rhoades, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

In this case relator seeks a writ of habeas corpus, and avers in his petition, in substance, that he is unlawfully restrained of his liberty by respondent, sheriff of Burt county, under a warrant of commitment issued by the county court, on a judgment rendered therein; that the complaint charged relator with the unlawful sale of one pint of intoxicating liquor in such county on April 18, 1925; that he was

arraigned on April 20, 1925, and pleaded guilty; and was sentenced to confinement in the county jail for 60 days, the first and last 20 days of which to be upon an exclusive diet of bread and water; and that he pay a fine of $100 and costs.

To this petition respondent demurred, which demurrer was sustained by the court and the action dismissed. Relator appeals, challenging the county court's jurisdiction to impose both fine and imprisonment; also, that the part of the judgment providing for a bread and water diet contravenes our Constitution, section 9, art. I, as being a cruel and unusual punishment inflicted.

The charge in the complaint is covered by section 3238, Comp. St. 1922, which provides, in part, as follows: "It shall be unlawful for any person to * * * sell, * * * any malt, spirituous, vinous and intoxicating liquors." The penalty for such crime is covered by section 3288, Comp. St. 1922, as follows: "Any person, who shall by himself or through his agent violate any of the provisions of this act, shall, except where another penalty is otherwise expressly provided, be deemed guilty of a misdemeanor, and upon conviction thereof shall, for the first offense, be fined the sum of one hundred dollars, or be imprisoned in the county jail not less than thirty days nor more than sixty days."

As to the first contention of relator that the county court was without jurisdiction to impose both fine and imprisonment: At the time of this trial, the county judge was by section 9989, Comp. St. 1922, limited to the imposition of 90 days' imprisonment, or a fine of $100, in such cases. The act of 1925 (Laws 1925, ch. 57) which extended this jurisdiction had not yet become operative. Therefore, the court was without jurisdiction to impose the fine and imprisonment which it did under section 3239, Comp. St. 1922, as amended by Laws 1925, ch. 106.

Having thus determined that the sentence was null and void, it is unnecessary for us to consider other errors presented. The district court, therefore, erred in sustaining the demurrer interposed as to Whitacre.

It follows from what has been said that the judgment of the trial court should be reversed and the cause remanded, with instructions to enter discharge in accordance with the prayer of relator's petition.

REVERSED.