CHARLES I. SMITH V. STATE OF NEBRASKA.

FILED MARCH 31, 1932. No. 28177.

*G. F. Rose, Claude A. Davis* and *J. R. Shields,* for plaintiff in error.

18

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The plaintiff in error was convicted of the offense of receiving stolen property. The numerous assignments of error may be, for the purpose of our discussion, reduced to three: (1) The trial court erred in refusing to grant a continuance; (2) there is not' sufficient competent evidence to support a conviction; and (3) erroneous instructions.

An application for a continuance is addressed to the sound discretion of the court. One accused of crime is entitled to a reasonable time to prepare for trial after the prosecution is commenced. What is a reasonable time must be determined in every case from the facts and circumstances presented therein. In the instant case the original complaint was filed April 11, 1931. Upon May 2 the state filed an amended complaint and a preliminary hearing was held May 5. The information was filed in the district court on May 28. The defendant filed four motions for a continuance over the term as follows: May 28, June 1, June 3, and June 15, all of which were overruled and the defendant forced to trial June 15. The reasons for a continuance were that the defendant was ill and unable to prepare for trial; and that his wife was a material witness and that she was unable to attend his trial. The record shows that the defendant was ill from May 28, the date of the first application for a continuance, up to and including the day he was forced to trial. The case was originally set for trial on June 3. The defendant did not then appear, and upon application of the state the court ordered the sheriff to bring the defendant in for the trial. The court appointed a medical commission to accompany the sheriff and examine the physical condition of the defendant. The report of this commission, the original of which is not in the files, was that it was inadvisable for

the defendant to attend court as he was suffering from acute exacerbation of a chronic appendicitis, accompanied by severe vomiting. Upon the report of this commission, the defendant filed his third motion for a continuance, supported also by three doctors who were attending the defendant. Upon this showing the court overruled the defendant's motion for a continuance over the term and set the case for June 15. Upon June 15 the defendant made his fourth application for a continuance supported by medical testimony as to his physical condition. While the showing indicates that upon June 15 the health of the defendant was somewhat better, there is evidence that the defendant has been sick for a long time prior to said date with a serious ailment. In *Elliott v. State,* 34 Neb. 48, the court said:

"It is not the policy of the law * * * to compel the party to go to trial until a reasonable opportunity has been given to procure the attendance of witnesses."

In this case, the defendant being ill most of the time from the commencement of the prosecution, and all of the time from the filing of the information, and in addition having a disturbed mental condition on account 'of the condition of his wife, did not have an opportunity to prepare for trial. This is especially true, since the prosecuting attorney changed the complaint by amendment against the defendant three times from the time the prosecution was commenced, indicating an uncertainty on his part as to what charge he could lodge against the defendant. The information upon which the case was tried in the trial court was filed May 28, and afterwards amended on June 15. This information charged the defendant with receiving and concealing 9 sets of harness, the property of 11 different persons, with the intent to defraud and knowing said property to be stolen. The state indorsed upon this information the names of 51 witnesses. It seems obvious to us that, under the circumstances as here related, the trial court should have granted a longer time to the defendant in making preparation for trial.

On the other hand, the only testimony which the defendant set out in his application for a continuance over the term on June 15, that he had been unable to secure, was that relating to one set of harness, and this the trial court required the state to strike out of the information as a condition to proceeding with the trial of the defendant and no evidence was thereafter introduced relative to this harness. This eliminated from consideration the only reason existing which would require a continuance on June 15.

There are certain other things to be considered in determining whether or not the denial of a continuance is reversible error. The trial occurred on June 15, at which time the defendant and his wife testified. The defendant was found guilty by the jury of receiving and concealing four sets of harness, the property of four different persons, with the intent to defraud the owners and knowing said property to be stolen. A motion for a new trial was filed in the case, which was overruled on October 5, 1931, more than three months after the trial. The defendant makes no showing at that time of newly discovered evidence, and we fail to see wherein the defendant was prejudiced by a denial of a continuance. It would seem that due diligence would require that he should secure any evidence that might be available to him within the period which elapsed after the trial. Where there is no showing of newly discovered evidence which he was not able to obtain at the time of the trial, we are unable to say that he was prejudiced by reason of the denial of the continuance. It would be a futile gesture, inconsistent with the present trend of judicial opinion, to reverse a judgment and remand a case because a continuance for preparation was denied by the trial court, where, so far as the record shows, it would be tried again on the same evidence. Taking into account all the facts and circumstances presented by the record, the denial of the defendant's motion for a continuance was not an abuse of discretion.

Is there sufficient competent evidence to support the

conviction of the defendant? The defendant contends that there is a total lack of evidence as to his knowledge that the property which was found in his possession was known by him to be stolen and that it was received and concealed with the intent to defraud. The possession of property recently stolen is a suspicious circumstance to be considered, which may be explained, and is not conclusive. *St. Clair v. State,* 103 Neb. 125. In this case the stolen property was found in the possession of the defendant, or had recently been in the possession of the defendant, but this fact alone would not be sufficient to sustain a conviction. The harness had been stolen and taken to the premises of the defendant, where it had been oiled and "scrambled" by putting various parts of different harnesses together, the hames painted a different color, and then turned over to the defendant for disposal. He then sold some of the harness. In order to complete the proof of the state, the witness, Otto E. Dudschus, a deputy state sheriff, was recalled, who testified that he drove from Osceola to Genoa with the defendant alone, and "He said he had got all of these harnesses from Rodd; and I asked him if he ever felt suspicious about the harnesses having been stolen, and he said after he received six or seven sets he felt suspicious about it." Incredible as this testimony is, even if believed, it would not be sufficient to impute knowledge to the defendant. Both the Oxford dictionary and Webster's International dictionary define knowledge as acquaintance with facts; a clear perception of fact or truth. The same authorities define suspicious as the imagination or apprehension of something, especially of something wrong or without proof or on slight evidence, also as "mental uneasiness" aroused in one who suspects. Therefore, this admission against interest, even if made, and it was denied by the defendant, is not sufficient to establish knowledge on the part of the defendant that the property in question had been stolen.

Rodd, who stole the harness, an ex-convict, which was unknown to defendant during the time he stayed at de-

fendant's house and brought the harness to him at his place, testified in this connection that the defendant helped change the parts of the harness and was present and watched him working on the harness, and that defendant furnished the paint which was used in painting the hames. He also testified that he had a conversation with Smith about the harness and, "if I remembered right, he said if any one claimed one he said he would say that he got it from a trader." Most of this stolen property was brought to defendant's place very early in the morning after Rodd, the thief, had been away all night. This latter fact is not disputed, although all the others are. We are of the opinion that all these facts and circumstances related above, together with the finding of the property recently stolen in the possession of the defendant, if believed by the jury, are sufficient to sustain the conviction. The fact that the witness Rodd was a convict affects his credibility as a witness, which credibility was a question for the jury to determine. The evidence was sufficient, if believed, from which an inference of guilt may be drawn.

We have examined the instructions complained of by the defendant as confusing and prejudicing the jury against the defendant. The defendant has not pointed out wherein the instructions are prejudicially erroneous, and we are likewise unable to demonstrate that the portions of sentences quoted by defendant in his briefs from the instructions constituted reversible error. An examination of the instructions as a whole does not reveal any reversible error.

Considering all the circumstances in the case, a majority of the court are of the opinion that the sentence of three years is excessive. It is our judgment that the ends of the law and the good of society will be served by reducing the sentence to one year, which is hereby done under the authority of section 29-2308, Comp. St. 1929. As thus modified, the judgment of the district court is

AFFIRMED: SENTENCE REDUCED.