## CHAUNCEY H. ALLEN v. STATE OF NEBRASKA.

FILED OCTOBER 11, 1935.   No. 29533.

*Frank J. Reed,* for plaintiff in error.

*William H. Wright, Attorney General, Paul P. Chaney* and *Lester A. Danielson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The plaintiff in error was convicted in the district court for Scotts Bluff county for a violation of the liquor laws. It is contended that the judgment is erroneous because (1) a former conviction in the county court for the same county is a bar to this prosecution, (2) the action of the trial court in permitting an indorsement of a witness' name on the complaint at the time of trial and refusing a

continuance was error, (3) and chapter 93, Laws 1933, under which the complaint was filed was unconstitutional and void.

It appears that a complaint was filed in the county court charging a crime under the same set of facts. The defendant in that trial was found guilty and sentenced to pay a fine. The county court did not have jurisdiction to try the defendant for this violation of the liquor law. The complaint charged a violation of section 53-102, Comp. St. Supp. 1933. This section provides that it shall be unlawful for any person to keep for sale any intoxicating liquors. The penalty prescribed for a violation is, for a first offense, a fine not less than $500 nor more than $1,000, and imprisonment for not less than thirty days nor more than one year in jail. Comp. St. Supp. 1933, sec. 53-116. This complaint was not drawn under section 53-111, Comp. St. 1929, for that section prohibits the possession of intoxicating liquor regardless of the purpose for which it is kept. The jurisdiction of the county court is determined by the Constitution and the statutes. By section 16, art. V of the Constitution of Nebraska, it is provided: "County courts shall * * * not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over five hundred dollars, or both." *In re Chenoweth,* 56 Neb. 688, it was said: "This section of the Constitution does not of itself confer upon the county courts of the state any criminal jurisdiction whatever. It leaves it to the legislature to define the criminal jurisdiction of the county courts within certain limitations." Section 27-502, Comp. St. Supp. 1933, confers the following power upon them in criminal cases: "County judges in their respective counties shall have and exercise the ordinary powers and jurisdiction of justices of the peace in civil cases, and in criminal cases shall have jurisdiction where the punishment may not exceed six months' imprisonment or a fine over five hundred dollars, or both." Therefore it appears that the county court was without jurisdiction to try a criminal case where the punishment prescribed ex-

ceeded the limits of its jurisdiction. In a case where the punishment prescribed by statute is more than the jurisdiction of the county court, a judgment of conviction and sentence thereunder is void. *State v. Smith,* 114 Neb. 659; *Whetstone v. Slonaker,* 110 Neb. 343. A judgment of a court which has no jurisdiction of the subject-matter is not a bar to a second prosecution for the same violation of the law. *Peterson v. State,* 79 Neb. 132; *Steinkuhler v. State,* 77 Neb. 331.

The names of witnesses for the state were indorsed upon the information, but were not indorsed upon the copy which was served on the defendant, as provided by section 29-1602, Comp. St. 1929. No objection was made to proceeding to trial. The first objection, made after the jury were impaneled, was to the testimony of the first witness called, because his name was not indorsed upon the copy of the information which was served upon the defendant. The objection was overruled and the state was given leave to indorse the names of witnesses upon the copy of the information. Thereupon the defendant moved for a continuance for the reason that he was surprised and could not safely proceed to trial.

The only witness in this case was M. C. Morgan, a deputy sheriff of Scotts Bluff county. He served the search warrant under which the liquor in evidence in this case was found in defendant's drug store. He was a witness at the trial mentioned above in the county court. The defendant could not have been greatly surprised that he should have been called as a witness. Furthermore, there is no showing indicating that the defendant was prejudiced by reason of this omission. It does not appear that any witness exists whose testimony would have been material to this case. The seriousness of this omission is not impressive to us since Morgan was the only witness in the case. There were no witnesses for the defendant and none was suggested then or since who could not be procured because the court refused to grant a continuance during the trial. Where the name of a witness has been indorsed on the

information before trial but omitted from the copy served on the defendant, it is not error for such witness to testify, over defendant's objection, in the absence of a showing of prejudice or where a continuance was not requested at the time. *Frey v. State,* 109 Neb. 483. See, also, *Rownd v. State,* 93 Neb. 427; *Sheppard v. State,* 104 Neb. 709. As stated herein, there was no showing of prejudice either at the time the motion for continuance was presented and denied or on the motion for new trial. It would be futile and unwarranted to reverse the judgment here if on another trial the evidence would be the same. The necessity for a continuance in a criminal case must be determined from the facts and circumstances presented, and a denial is not reversible error unless it appears from the record that defendant was prejudiced thereby. *Smith v. State,* 123 Neb. 17.

The constitutionality of chapter 93, Laws 1933, is challenged on the ground that it is amendatory of sections 53-101 and 53-102, Comp. St. 1929, and is not germane to the subject-matter. These two sections relate to liquor, but provide no penalty for violation. The penalty is provided by section 53-151, Comp. St. 1929. The plaintiff in error relies upon *Day v. Metropolitan Utilities District,* 115 Neb. 711, in which this court said: "It is a rule, firmly established in this, and generally recognized in other, jurisdictions, that, when the title of a legislative act is to amend a particular section of an existing statute, the proposed amendment must be germane to the subject-matter of the section sought to be amended. * * * The reason for the application of the rule is that the title expresses a purpose to deal only with the subject-matter contained in the section sought to be amended." The cited case announces a well-established rule in this jurisdiction. But subject-matter was germane. In 25 R. C. L. 843, sec. 90, is found the following definition: "The 'subject' of an act is the matter or thing forming the groundwork of the act, which may include many parts or things, so long as they are all germane to it and are such that if traced back they will lead

the mind to the subject as the generic lead." The same general rule was pronounced by this court in the case of *Affholder v. State*, 51 Neb. 91, when it said: "This constitutional provision should be liberally construed, and so construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title; and to admit all provisions which are germane, and not foreign, to the purposes of the act as expressed in its title." Now, section 53-102, Comp. St. 1929, was a part of an act for the regulation or prohibition of commerce in intoxicating liquor. Section 53-151, Comp. St. 1929, provided a penalty and provided that it should apply except where another penalty is provided. This provides another and an-additional penalty for violation of the liquor laws. A provision germane to the subject-matter which might have been made a part of the original act may be added by amendatory legislation. *State v. Hevelone*, 92 Neb. 748. The unconstitutionality of chapter 93, Laws 1933, has not been demonstrated. No prejudicial error appears in the record.

AFFIRMED.