STATE OF NEBRASKA, APPELLEE, V. WILLIAM S. HENRY,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JOHN EDWARD HENRY,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. DONALD LEE JOHNSON,
APPELLANT.

118 N. W. 2d 335

Filed December 7, 1962.  Nos. 35261, 35262, 35268.

Thomas P. Lott and Jack L. Spence, for appellants.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The defendants, Donald Lee Johnson, William S. Henry, and John Edward Henry, were charged in separate informations with receiving stolen property in violation of section 28-508, R. R. S. 1943.  Upon the motion of the State the cases were consolidated before trial.  The jury returned separate verdicts of guilty against the defendants.  Apparently, a fourth defendant, Louis Wil-

son, was acquitted. The defendants' motions for new trial were overruled and they have appealed to this court.

The assignments of error are that the evidence is not sufficient to sustain the conviction; that the trial court erred in admitting certain evidence; and that the trial court erred in giving and failing to give certain instructions.

The evidence shows that sixteen television sets were stolen from the Chandler Furniture & Appliance Store in Omaha, Nebraska, on the night of March 28, 1961. On the evening of March 30, 1961, the defendants were riding in an automobile in the vicinity of Tenth and Hickory Streets in Omaha, Nebraska, when they were stopped by the police. Four of the stolen television sets were found in this automobile. Three more of the stolen sets were found in the trunk. Six of the television sets were in their original cartons and had the warranty and other papers stapled to the boxes. Each of the television sets had a wholesale value in excess of $100.

The defendants were arrested and taken to the police station where they were questioned concerning the television sets found in the automobile. The defendant Johnson stated that he had purchased the television sets from a stranger; that two more of the sets were at his home; and that the sets were apparently stolen. The defendant, William Henry, stated that he had been asked to go along and help remove the television sets from a house where they had been placed earlier in the day; and that he did not know that the television sets had been stolen but that they appeared to have been stolen. The defendant, John Henry, stated that he had no direct knowledge but that he felt sure that the television sets were stolen.

At the trial Johnson testified that a stranger approached him in the Apex Bar on the evening of March 28 or 29, 1961, and offered to sell him nine television sets for $200; that the stranger said that he worked for the Railroad Salvaging Company, an Omaha con-

cern; that the television sets were in a station wagon with Kansas license plates; that he examined the television sets and they appeared to be new and in good working order; that he paid the stranger $150 and placed the television sets upstairs in his home; that on the next day he asked John Henry or William Henry if he knew of anyone who would be interested in buying television sets; that he was referred to Russel Bretz, a part-time television repairman; that he took seven of the television sets to Bretz's home that afternoon and offered them to Bretz for $50 each for the portable sets and $75 for a larger one; and that Bretz said he would try to sell them.

Russel Bretz testified that William Henry, John Henry, and a third man brought the television sets to his home on the afternoon of March 30, 1961; that the sets, which appeared to be new, were placed in the basement; that from reading the evening newspaper he learned that the Chandler Furniture & Appliance Store had been burglarized and a number of television sets stolen; that he then telephoned John Henry and told him that the television sets were stolen property and that Bretz wanted them removed from his house; and that William Henry, John Henry, and three other men came to the Bretz home that evening and picked up the television sets.

John Henry testified that Johnson came to his home on the aftenoon of March 30, 1961, and asked if he knew anyone who wanted to buy a television set; that John Henry then inquired of his brother and a friend, Paige Taylor, and was referred to Russel Bretz; that he telephoned Russel Bretz; that Bretz later called back and talked to Johnson; that Johnson did not know the way to Bretz's house so William Henry went with Johnson to deliver the television sets; that when William Henry returned he stated that it "didn't look right to him" or that "he didn't like the way it was"; that later Russel Bretz telephoned him and said that the television sets

were stolen and that Bretz wanted them removed from his house; and that he gave this message to Johnson that evening and went with Johnson and William Henry to pick up the television sets.

William Henry testified that he drove Johnson to the Bretz home on the afternoon of March 30, 1961, and helped unload the television sets; that "the thing looked completely—it didn't seem right and I figured, well, I would do this much and after I went home I would wash my hands of the whole mess"; that "after I had seen there was more than one television set involved and I didn't like the looks of it, I decided I would go as far as I had gone and wash my hands completely of it"; that after returning home he told his brother that he didn't like the looks of it, that he wouldn't have anything else to do with it, and requested that his brother do the same; that Russel Bretz called later and said that he thought the television sets had been stolen from the Chandler Furniture & Appliance Store, that he didn't want anything to do with them, and wanted them removed from his house; that this message was given to Johnson that evening; and that he went along on the trip to the Bretz home that evening and helped remove the television sets from the Bretz home.

The defendants argue that the evidence is not sufficient to sustain the conviction because there is no direct evidence that the defendants knew the television sets had been stolen; that the defendants cannot be convicted merely because they may have been stupid or negligent; and that the defendants cannot be held to the standard of mentality of some imaginary man of ordinary intelligence or to the degree of diligence that should be exercised by such a man.

Guilty knowledge is an element of the crime of receiving stolen property. It arises from the requirement that the stolen property be received with intent to defraud the owner. St. Clair v. State, 103 Neb. 125, 169 N. W. 554.

The State was required to prove that each defendant knew, at the time he received the television sets, that the television sets had been stolen. This fact could be proved by circumstantial evidence. Smith v State, 123 Neb. 17, 241 N. W. 750; Hans v. State, 109 Neb. 269, 190 N. W. 577; Burris v. State, 104 Neb. 641, 178 N. W. 216. There is no rule which requires that guilty knowledge be established by direct evidence.

In determining whether each defendant knew that the television sets had been stolen, the jury was required to consider all of the facts and circumstances. The age, intelligence, and experience of each defendant is a part of the facts and circumstances. If the facts which were known to each defendant were such that a man of the age, intelligence, and experience of each defendant would know that the television sets were stolen, then the jury could find that each defendant had guilty knowledge. State v. Marcovitz, 63 N. D. 458, 248 N. W. 481. See, also, Pounds v. United States, 265 F. 242; Annotation, 147 A. L. R. 1058.

The evidence shows that the defendants were arrested while attempting to dispose of seven new television sets that had been stolen in a burglary 2 days before. It was apparent to Russel Bretz that the television sets had been stolen. The evidence was sufficient for the jury to conclude that the defendants knew that the television sets had been stolen.

The defendants complain that a written statement obtained from John Henry at the police station should not have been received in evidence. The statement when originally offered by the State was excluded upon an objection that it was hearsay as to the defendant Johnson. Later the defendant Johnson withdrew the objection and asked that the exhibit be received. The court then admitted the exhibit and noted that there was no objection by counsel for any of the defendants. The defendant cannot now complain of the admission of the statement into evidence.

The defendants also complain that Russel Bretz should not have been permitted to testify about a telephone conversation with John Henry. Since no objection was made to this testimony at the time it was offered, no objection can be made to it at this time. A defendant may not predicate error on the admission of evidence to which no objection was made at the time it was offered. Hoffman v. State, 164 Neb. 679, 83 N. W. 2d 357.

The defendants contend that the trial court should not have instructed the jury as to aiders and abettors. There was evidence that after Johnson bought the stolen television sets he enlisted the help of John Henry and William Henry to dispose of them; that all three defendants delivered the sets to the home of Russel Bretz; and that all three defendants helped move the sets from the Bretz home after Bretz demanded that the sets be removed from his house. The jury could have found that John Henry and William Henry aided and abetted Johnson in committing the offense. Thus, the instruction was proper.

The defendants urge that the trial court should have given a cautionary instruction as to the testimony of an accomplice. None of the defendants requested such an instruction. Although it is the better practice for a trial court to give a cautionary instruction on the testimony of an accomplice, a failure to do so is not reversible error in the absence of a request for such an instruction. Cornell v. State, 138 Neb. 708, 294 N. W. 851.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.