State of Nebraska, appellee, v. Tom Caradori,
APPELLANT.

260 N. W. 2d 617

Filed December 28, 1977.   No. 41461.

Walter J. Matejka, for appellant.

Paul L. Douglas, Attorney General, and Royce N.
Harper, for appellee.

Heard before White, C. J., Spencer, Boslaugh,
McCown, Clinton, Brodkey, and White, JJ.

Boslaugh, J.

The defendant appeals from a sentence to impris-
onment for 1 to 3 years for receiving stolen property.
The assignments of error relate to the sufficiency of
the evidence to support the conviction, the admis-
sion of evidence of a previous conviction of the de-
fendant, and the overruling of the defendant's mo-
tion for a new trial for newly discovered evidence.

The evidence shows a model home in Douglas
County was burglarized sometime around August 30,
1976, and a quantity of furniture was stolen from the
property.   On September 1, 1976, the defendant pur-
chased from Eugene Wyman two of the items that
had been stolen from the model home.   Later the de-

fendant took four more of the items from Wyman to apply on rent Wyman owed to the defendant. The stolen items were recovered after a search of the defendant's apartment on January 7, 1977.

The defendant purchased the first two items, a chair and a couch, from Wyman early in the morning of September 1, 1976. According to the defendant, Wyman came to the defendant's apartment that morning and said he wanted to sell some furniture to the defendant. The furniture was in a U-Haul truck. Wyman brought the chair up to the apartment, which was on the second floor, and then brought up the sofa. The defendant agreed to pay Wyman $150 for the two items. A girl who was living with the defendant gave Wyman $25 to apply on the purchase. Wyman at that time was living with the defendant's brother, Shane, in another apartment in the same building. Earlier the defendant and Wyman had shared an apartment, and Wyman still owed the defendant $80 for rent from that arrangement.

On the day the search took place, the defendant made a voluntary statement at the sheriff's office. A deputy sheriff testified that the defendant said he had known Wyman for about 2 years. The defendant described Wyman as a "ripoff" or thief and said he had stolen a stereo system from the defendant's brother.

The defendant contends the evidence was insufficient to establish guilty knowledge and there was no evidence as to the value of the property the defendant purchased from Wyman.

Knowledge and intent may be proved by circumstantial evidence. State v. Henry, 174 Neb. 432, 118 N. W. 2d 335. If the facts are such that a man of the age, intelligence, and experience of the defendant would know that property was stolen, then the evidence is sufficient to sustain a finding of guilty knowledge.

The evidence of the State in this case was suffi-

cient, if believed, to sustain a finding of guilty knowledge. The circumstance of Wyman, who the defendant described as a thief, coming to his apartment early in the morning with a truck load of furniture for sale was highly suspicious. From this evidence the jury could conclude that the defendant knew the furniture was stolen.

A material element of the crime of receiving stolen property is that the property have a value of $100 or more. The State produced evidence that the chair and sofa had been purchased in 1975 for $450. The owner valued them at $425. The defendant admitted he had agreed to pay $150 for the chair and sofa and his mother testified that was a reasonable price. This evidence was sufficient to sustain a finding that the property in question had a value in excess of $100.

On cross-examination the defendant was asked if he had ever been convicted of a felony. He answered no. On rebuttal the State was allowed to prove, over objection, that the defendant had been convicted of unlawful distribution of LSD in 1974. Although the defendant was 16 years of age at the time of the offense, he had been charged as an adult and not as a juvenile. The defendant contends the admission of this evidence was error because the inflammatory nature of the evidence outweighed its probative value and the transcript received in evidence was improper because it went beyond showing only a prior conviction.

The record shows that the evidence of the prior conviction was a matter of some consequence, so far as the jury was concerned, because it directed an inquiry to the trial court as to whether the offense could be considered a felony.

The defendant's contention is based upon sections 27-609 and 27-403, R. R. S. 1943, which provide in part as follows: "(1) For the purpose of attacking the credibility of a witness, evidence that he has been

convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (b) involved dishonesty or false statement regardless of the punishment. * * * (4) Evidence of juvenile adjudications is not admissible under this rule." "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The defendant's first contention is without merit. The defendant's credibility was in issue and the fact that he had been convicted of a prior felony and had incorrectly answered the inquiry was a circumstance that was proper for the jury to consider. However, only the record of the prior conviction was admissible to prove the conviction. § 27-609, R. R. S. 1943.

The State is severely limited as to what may be introduced as proof of a prior conviction and the rule has been clearly stated in the prior decisions of this court. In Latham v. State, 152 Neb. 113, 40 N. W. 2d 522, this court said: "The statute prescribes and limits the scope of any inquiry initiated by the State that may be made on cross-examination of a defendant in a criminal case. It permits inquiry of the defendant when he is a witness if he was previously convicted of a felony. If the answer is in the affirmative, he may be asked the number of such convictions, and if an answer is correctly given, the inquiry must end there. If any answer of the defendant in this regard is incorrect or if he claims he does not remember, the fact of his conviction or convictions may only be shown by 'the record thereof.' The statute does not permit exploration of the charge

or charges of which the defendant was previously convicted, the details thereof, or the sentence imposed upon the defendant. The purpose of the restricted inquiry permitted by the statute is for whatever effect the fact of a previous conviction may have on the credibility of the defendant as a witness, and not for the purpose of tending to show that he is prone to engage in criminal actions.''

Instead of introducing a record of just the prior conviction, the State offered a transcript which included an order directing the Separate Juvenile Court of Douglas County, Nebraska, to make all medical, psychological, psychiatric, and social welfare reports and the records of juvenile probation officers relating to the defendant available to the adult probation office. The order was clearly irrelevant and not otherwise admissible.

Although no Juvenile Court records appeared in the transcript which was received in evidence over the objection of the defendant, the implication was that in addition to the conviction for unlawful delivery of a controlled substance the defendant had a record in Juvenile Court. Evidence of juvenile adjudications are inadmissible under section 27-609 (4), R. R. S. 1943.

Upon the record presented we are unable to determine that the defendant was not prejudiced by the admission into evidence of the order directed to the Juvenile Court. The judgment must, therefore, be reversed and the cause remanded for a new trial. It is unnecessary to consider the assignment of error relating to newly discovered evidence.

REVERSED AND REMANDED FOR A NEW TRIAL.

SPENCER, J., dissenting.

The order of the Juvenile Court referred to in the opinion was an order to make all medical, psychological, psychiatric, and social welfare reports and records of juvenile probation officers available.

The Juvenile Court handles many juvenile prob-

lems that do not involve misconduct on the part of the juvenile. Even if the jury saw it, I seriously doubt if it would have had any effect. If anything, the order might have suggested psychological or psychiatric problems. While the order should have been excluded, its inclusion in the record was at the very most harmless error.