Thomas H. MILLER, Appellant,

v.

Gerald BAIR, Director, Iowa Department of Revenue and Finance, Appellee,

Iowa Taxpayers Association, Younkers, Inc., and Kiowa Corp., Intervenors–Appellees.

No. 88–268.

Supreme Court of Iowa.

Aug. 16, 1989.

Ray Sullins, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth M. Osenbaugh and Gerald A. Kuehn, Asst. Attys. Gen., for appellee.

Mark McCormick of Belin, Harris, Helmick, Tesdell, Lamson & McCormick, P.C., Des Moines, for intervenors-appellees.

Mark E. Schantz and Elaine M. Brown of Dickinson, Throckmorton, Parker, Mannheimer & Raife, P.C., Des Moines, for ami-

cus curiae Iowa Wholesale Wine Distributors Ass'n and the Wine Institute.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Thomas H. Miller, a state legislator, appeals from an adverse decision in a declaratory judgment action challenging the constitutionality of 1985 Iowa Acts chapter 32 (hereafter referred to as Senate File 395). The constitutional challenge being urged is that this legislative act violates the single-subject requirement of article III, section 29 of the Iowa Constitution. The defendant in the litigation is Gerald Bair, Director of the Iowa Department of Revenue and Finance. An intervenor in the action in the district court and on this appeal is the Iowa Taxpayers Association, a nonprofit corporation with approximately 270 members, including manufacturers, retailers, distributors, utilities, railroads, insurance companies, and financial institutions. Other intervenors in the action are Younkers, Inc., a retail chain, and Kiowa Corporation, a tool and die manufacturer.

On December 6, 1985, plaintiff filed a petition for injunction and declaratory judgment in which he alleged that Senate File 395, enacted April 18, 1985, and effective July 1, 1985, violated the single-subject requirement of the Iowa Constitution.[1] Defendant and intervenors filed a motion for a summary judgment establishing the constitutionality of the challenged legislation. Documentation filed in support of that motion contained substantial background information concerning the circumstances leading up to the enactment of the challenged legislation.

Also filed in support of the motion for summary judgment were three legislator's affidavits which described the background of legislation. In summarizing these materials for purposes of presenting a statement of material facts not in dispute, defendant and intervenors assert:

> The impetus for Senate File 395 was a bill suggested by the Governor to remove the sales and use tax on new machinery and equipment.... As it developed, the legislation became a means for removing negative economic symbols that had been identified as disincentives to economic development in Iowa.... As economic disincentives were removed in the bill, correlative provisions were added to the bill to make necessary revenue and other adjustments so that the bill would be revenue neutral and would avoid dislocations in the economy that might otherwise occur.

The district court sustained defendant's and intervenors' motion for summary judgment and declared that while the statute was broad and complex it addressed one broad and complex subject comprised of numerous matters germane to a single purpose.

The title to Senate File 395 extends for twenty-seven lines in the printed session laws and contains approximately 300 words. The matters disclosed in the title as being contained in the bill include, in part: state and local revenues; private wine sales; taxes on wine sales; local option taxes for cities and counties; exemption of certain farm machinery and equipment from state sales, services, and use taxes; subjecting additional transactions to state sales, services, and use taxes; increasing the tax on tobacco products; exempting miscellaneous items from property taxation; establishing special valuations rules for property taxation; amending the lottery law to provide for payment of prizes; extending the sales tax to sales of lottery tickets; eliminating the prohibition against manufacturing of electronic and computerized gambling devices; and providing tax

---

1. Prior to the time that the challenged legislation became effective, plaintiff requested and received an opinion of the attorney general with respect to the legislation's constitutionality under the single-subject requirement of article III, § 29. In an opinion dated May 1, 1985, addressed to plaintiff and three state senators, the attorney general concluded that the statute "meets the minimum constitutional requirement that the courts would be willing to impose on the coordinate branch of government."

credits to certain businesses that create new jobs within the state.

Plaintiff does not contend that the title of the act fails to express the subject matter of the bill which follows. His argument is, rather, that that which follows the title is comprised of multiple subjects, not all of which are germane to a single, identifiable purpose. He suggests that the standard to be applied in deciding this question is that expressed by the Nebraska court in *Allen v. State*, 129 Neb. 722, 725–26, 262 N.W. 675, 677 (1935) (quoting 25 R.C.L. § 90):

> The "subject" of an act is the matter or thing forming the groundwork of the act, which may include many parts or things, so long as they are all germane to it and are such that if traced back they will lead the mind to the subject as the generic lead.

Plaintiff urges that each of the following examples set forth in his written argument exemplify an impermissible combining of unrelated subjects in Senate File 395:

> 1. The provisions affecting taxation by cities and counties are not related to the provisions of the act relating to taxation by agencies of state government.
>
> 2. The provision for a jobs tax credit is not sufficiently related to the provisions affecting cities and counties.
>
> 3. The elimination of the prohibition on the manufacturer of electronic and computerized gambling devices is not related to those provisions of the act dealing with state and local taxation and improperly combines the state's exercise of its police power with the exercise of its taxing authority.
>
> 4. The provisions authorizing the private sale of wine are not related to the provisions of the act dealing with state and local taxation and improperly combine the exercise of police power and taxing authority.
>
> 5. The provisions appropriating receipts from liquor sales for use of cities and for use of the military service tax fund are not related to the provisions involving the authorization of private wine sales.
>
> 6. The provision authorizing manufacturers or wholesalers of wine products to make gifts of their products indirectly causes the amendment of numerous other provisions of the Code which are not related to the act being challenged.

We suggested in *Long v. Board of Supervisors*, 258 Iowa 1278, 1283, 142 N.W.2d 378, 381 (1966), that, in order for a violation of the single-subject requirement to exist, the challenged legislation must embrace "two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other." This does not mean that any two subjects in a multifaceted piece of legislation must, in isolation, demonstrably relate to each other for the bill to pass constitutional muster. It is only necessary to show that all subjects relate to a single purpose. This is clear from the language of the constitutional clause itself which provides that "[e]very act shall embrace but one subject, *and matters properly connected therewith.*" Iowa Const. art. III, § 29 (emphasis added). In interpreting the italicized language, this court recognized early on that the subject of a statute lies in its ultimate objective and not in the detail or steps leading to that objective. *See State ex. rel. Weir v. County Judge of Davis County*, 2 Iowa 280, 283 (1855).

■ We have previously rejected the view that the existence of two seemingly dissimilar subjects in a bill, each of which is sufficiently significant in its own right to stand independently from the other, is a per se violation of the single-subject rule. As we observed in *Western International and National Union Fire Insurance Co. v. Kirkpatrick*, 396 N.W.2d 359, 364 (Iowa 1986), "[i]t is unimportant that matters within the single subject might more logically be classified as separate subjects if they are nevertheless germane to a single subject." We continue to adhere to this view.

■ Plaintiff's challenge to Senate File 395 is founded primarily on comparisons between two or more of the several items in the legislation in a manner suggesting

**490**

dissimilarities based on common understanding of the subjects being compared. We find that analysis to be flawed. The proper analysis is, we believe, to search for (or to eliminate the presence of) a single purpose toward which the several dissimilar parts of the bill relate. We are able to identify that common purpose in the present bill as being a multifaceted effort to promote economic development.

The provisions of Senate File 395 fall into two basic categories. One category consists of economic development incentives, and the other category consists of revenue adjustments. The breadth of both the state and local revenue provisions in the act is, we believe, an effort by the legislature to develop a coherent revenue-neutral fiscal package that complements the economic development incentives.

 We reject plaintiff's contention that Senate File 395 violates the single-subject clause because it improperly combines police power functions and revenue functions in a single act. We do not share plaintiff's view that the repeal of certain limitations on the dispensing of wine constitutes "a raw exercise of the police power." Such legislative action is perhaps more properly characterized as a declination to exercise police power. However this provision is characterized, we do not find any absolute prohibition against the legislature exercising both the police and taxing powers in a single act. The decision in *Solberg v. Davenport*, 211 Iowa 612, 619, 232 N.W. 477, 481 (1930), suggests that the contrary is true. *See also Carlton v. Grimes*, 237 Iowa 912, 943, 23 N.W.2d 883, 899 (1946).

 Finally, we reject plaintiff's contention that the provisions in Senate File 395, authorizing manufacturers or wholesalers of wine products, to make gifts of their products indirectly works an amendment of numerous other unrelated statutes in the Code. Without expressing any opinion as to the validity of that assertion, we do not believe that the indirect consequences of the act being challenged on other existing legislation may be a ground for establishing violation of the single-subject clause.

We have considered all arguments presented and conclude that the judgment of the district court was correct.

AFFIRMED.