CHARLES FERGUSON V. STATE OF NEBRASKA.

FILED OCTOBER 20, 1897.   No. 9229.

1. **Burglary:** BREAKING. It is a familiar principle that a breaking necessary to constitute the crime of burglary may be by any act of physical force, however slight, by which the obstruction to the entering is removed.

2. ———: ———. The lifting of a hook with which a door is fastened, or the opening of a closed door in order to enter a building, is a "breaking" within the accepted definition of burglary, although the entry might have been effected through a door already open.

3. **Instructions:** HARMLESS ERROR. A slight error in an instruction will not work a reversal where it is evident that the party complying could not have been prejudiced thereby.

4. **Burglary:** TIME: INFORMATION. Proof that the burglary was committed on the precise day laid in the information is not essential to a conviction. It is sufficient if it be proved that the crime was committed within the period limited by statute for the prosecution of the offense.

5. ———: ———. INSTRUCTIONS. In a prosecution for burglary it is not error to instruct the jury that it is sufficient to find that the crime was committed "on or about" the date charged in the information, or at any date within the statute of limitations.

6. ———: INSTRUCTIONS. Held, That instruction No. 8 given by the court on its own motion does not assume that a burglary had been committed. Metz v. State, 46 Neb., 547, distinguished.

7. **Reasonable Doubt:** INSTRUCTIONS. An instruction which defined a reasonable doubt as being an actual, substantial doubt of guilt arising from the evidence or want of evidence in the case, upheld.

8. **Instructions:** FAILURE TO REQUEST. One cannot predicate error upon a vague instruction unless he has requested a proper one.

9. **Criminal Law:** FAILURE OF ACCUSED TO TESTIFY: INSTRUCTIONS. Where, in a criminal prosecution, a defendant does not testify in his own behalf, it is not reversible error for the trial court to

mention such neglect or omission in its instructions, when followed in the same connection with the direction that "nothing must be taken against him because he had not so testified."

10. **Alibi:** FAILURE TO REQUEST INSTRUCTION. It is not reversible error to fail to instruct on the subject of an alibi, where no request to charge upon that feature of the case has been tendered.

ERROR to the district court for Otoe county. Tried below before RAMSEY, J. *Affirmed.*

*Bane & Altschuler,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

The defendant, Charles Ferguson, was prosecuted for, and found guilty of, the crime of burglary; and from a judgment of conviction error proceedings have been prosecuted to this court. The information charges the crime to have been committed by breaking and entering, in the night-season, a certain barn owned by Adolph Zimmerer, with the intent to commit a larceny.

The first contention is that the evidence is insufficient to sustain the verdict. The testimony adduced by the state on the trial, and which is incorporated in the bill of exceptions, establishes beyond a shadow of doubt that during the night of the 28th day of May, 1896, the accused entered the barn of the prosecuting witness, in Otoe county, and stole therefrom a set of harness; that the door through which the entry was effected was a double door, sawed in two parts, one being immediately above the other. In the evening in question the upper door was left standing open, while the other was fastened, closed with a hook and staple; that the defendant raised this hook and opened the lower door in order to enter the barn. The point is made, in argument, that this did not constitute a breaking and entering, or a burglary, because the upper door being open at the time,

32

there was no obstruction of the free ingress to, or egress from, the barn. That a person could have bounded over the lower door and entered the building is wholly immaterial, unless the entrance was actually effected in that manner, which the proofs disclose was not the case. The question was not whether the defendant could have entered the barn without a breaking had he so desired, but did the lifting of the hook and opening the door which it fastened constitute a breaking within the meaning of the law? The answer must be in the affirmative. (*State v. O'Brien*, 81 Ia., 88.) In *Metz v. State*, 46 Neb., 547, it was decided that a breaking, to constitute the crime of burglary, may be by any act of physical force, however slight, by which the obstruction to entering is removed. This is a familiar principle of criminal law, and applying it to the facts in this case, there is no room to doubt that there was a "breaking" within the definition of burglary.

In the sixth instruction the jury were told that if the defendant, with a felonious intent, entered the barn "by opening a door or removing a window," it constituted burglary. The instruction is not assailed because it gave an incorrect definition of the crime charged, but that the use of the words "or removing a window," injected a matter not in evidence. This criticism is well founded, but we are unwilling to predicate a reversal upon that slight error, since it is very evident that the rights of the defendant were in no manner prejudiced by this slight inaccuracy in the instruction. (*Converse v. Meyer*, 14 Neb., 190; *Powder River Live Stock Co. v. Lamb*, 38 Neb., 339; *Debney v. State*, 45 Neb., 856.)

Exception is taken to the giving of the following instruction: "7. The court instructs the jury that the allegation of time in the information filed in this case is only material for the purpose of fixing the commission of the crime within the statute of limitations, which, in the state of Nebraska, is three years for the crime of burglary. And if you find from the evidence, beyond a reasonable doubt, that the defendant forcibly, feloniously, and bur-

glariously, did, on or about the 28th day of May, 1896, in
the night-season, at the place charged in the information,
break and enter the barn of Adolph Zimmerer by open-
ing a closed door, as explained in these instructions,
and after so entering said barn of said Adolph Zimmerer,
did feloniously take therefrom any property of any value
belonging to said Adolph Zimmerer, then your verdict
should be guilty as charged in the information." The ob-
jection to this portion of the charge is two-fold: (1.)
The authorization of a conviction if the offense was com-
mitted at any time within the statute of limitations is
claimed to be wrong. The decisions are the other way.
The identical question was passed upon in *Palin v. State*,
38 Neb., 862, where this language was used: "The alle-
gation in the information as to the time the crime was
committed is not material. The state was not required
to prove that the transaction occurred on the day alleged,
but it is sufficient if proven to have been committed
within the time limited by the statute for the prosecution
of the offense." In *Yeoman v. State*, 21 Neb., 171, the
same principle was stated and applied. The question has
been set at rest by those decisions, if, indeed, it was ever
a doubtful one in this state. (2.) The instruction quoted is
further criticised for the use of the words "on or about."
Time was not of the essence of the offense and it was not
error to direct the jury that it was sufficient to find that
the crime was committed on or about the time charged
in the information. (*State v. Fry*, 67 Ia., 475; *State v.
Williams*, 43 Pac. Rep. [Wash.], 15; *State v. Thompson*, 27
Pac. Rep. [Mont.], 349; *State v. Harp*, 3 Pac. Rep. [Kan.],
432.)

The next assignment of error relates to the giving of
the following portion of the eighth instruction: "8. The
jury are instructed that under an information for bur-
glary the accused may be found guilty of larceny, and
if in this case the jury are not satisfied from the evidence,
beyond a reasonable doubt, that the defendant commit-
ted the burglary as charged in the information, still, if

the jury believe from the evidence, beyond a reasonable doubt, that the defendant did steal the goods described in the information, from the possession of the said Adolph Zimmerer, then the jury may, under this information, find the defendant guilty of larceny." The objection brought forward against the foregoing is that it assumed a burglary had been committed, and withdrew that question of fact from the consideration of the jury, and *Metz v. State*, 46 Neb., 547, is relied upon to sustain the argument. This criticism is absolutely without foundation. From the language complained of no fair inference can be drawn that the trial court assumed or stated as a fact that a burglary had been committed by any one, much less by the defendant. That question was left for the jury to ascertain from the evidence, and if they failed to find that the crime of burglary had been committed, as charged in the information, then the jury were directed to ascertain and determine whether or not the accused was guilty of larceny of the harness. The decision in the Metz case lacks analogy. There the trial court instructed the jury: "If you believe from the evidence, beyond a reasonable doubt, that soon after the burglary of the storehouse or warehouse of the said Jasper N. Binford, and the larceny of the corn therefrom, portion of the said corn so stolen was in the exclusive possession of the defendant George Metz, you are instructed that this circumstance, if so proven, is presumptive, but not conclusive, evidence of the defendant's guilt." Undoubtedly the foregoing practically told the jury that a burglary had been committed at the storehouse, and that the corn had been stolen therefrom; and this court so held. The mere quoting of the two instructions is sufficient to make plain that the case cited has no bearing upon the question under consideration.

The ninth instruction is assailed, which is in this language: "9. You are instructed that by the words 'reasonable doubt,' as used in these instructions, is meant an actual, substantial doubt of guilt arising from the evi-

dence, or want of evidence, in the case." The objection raised by counsel for the accused to this instruction is that "it is impossible to tell from the instruction whether the doubt of guilt must arise from the evidence on the part of the state, or want of evidence on the part of the defendant." The court's definition of a reasonable doubt will not bear any such interpretation. The idea plainly conveyed by this portion of the charge is that if the jury, on the consideration of the evidence introduced by the state and defense, or for any lack of evidence in the case, entertain a reasonable doubt of the guilt of the accused, there must be an acquittal. The court's definition of a "reasonable doubt" was in form approved by this court in *Langford v. State*, 32 Neb., 782.

Objection is made to the tenth instruction given by the court on its own motion, which reads: "10. You are instructed that the defendant has not testified on his own behalf in this case as he had a lawful right to do. Nothing must be taken against him because he has not so testified." Two criticisms are urged against the giving of this portion of the charge: First, That it is too indefinite and uncertain; second, that without a request it was error for the court, in any manner, to refer to the fact that the defendant had not himself given testimony in the case. If counsel for accused did not regard the words, "nothing must be taken against him because he has not so testified," sufficiently specific and definite, he should have drafted and presented to the court an instruction embodying his views upon the point. Having failed to do so, he cannot complain of the vagueness of the instruction. (*Gran v. Houston*, 45 Neb., 813; *Carter White Lead Co. v. Kinlin*, 47 Neb., 409.) The provision of the statute relied upon in support of the second objection to said instruction is section 473 of the Criminal Code, which provides: "In the trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes or offenses, the person so charged shall, at his own request, but not otherwise, be deemed a competent

witness; nor shall the neglect or refusal to testify create any presumption against him, nor shall any reference be made to, nor any comment upon, such neglect or refusal." The argument of the prisoner's counsel is that this statute expressly prohibits any reference whatever being made to the fact that the defendant omitted to testify, at least unless there is a request for an instruction to that effect; and in support of the point is cited the case of *State v. Pearce*, 57 N. W. Rep. [Minn.], 652. In *Metz v. State*, 46 Neb., 547, a reversal was sought on the ground that the court failed to instruct that the neglect of the defendant to testify created no presumption against him. The court quoted section 473 of the Criminal Code, and said: "The defendant having availed himself of the protection of the statute he might have requested the court to instruct the jury that no presumption of guilt arose from his failure to testify; but he did not request the court to so charge, and error cannot be successfully assigned upon the omission of the court to give such an instruction on its own motion." The fair and reasonable inference to be drawn from this language is that it is discretionary with the trial judge whether he will instruct, or will not charge, the jury upon the question where no request has been made to so instruct. And counsel for defendant concede that with a request for such an instruction by the accused, it may be properly given. It is evident that if the court had the right to give such instruction, had it been requested to do so by the defendant, it was not reversible error to give it in the absence of such request. Under the statute of this state persons upon trial for crime may, at their own request, but not otherwise, be competent witnesses. The failure of a prisoner to avail himself of the right to be sworn and testify in his own behalf the legislature has declared shall create no presumption against him, and that no reference shall be made to it, nor any comment upon such neglect or refusal. Certainly it would be reversible error for the prosecuting officer to allude to the fact that the defendant had failed to be

sworn, or for the judge to refer to it, or comment upon such omission in his instructions unless explained to the jury in the same connection by a direction that the omission to be a witness created no presumption of guilt against the accused, or by the use of some other equivalent statement of the effect of the statute. When a prisoner is not sworn it is the duty of the court to inform the jury, if requested to do so, that they are not to draw any inference of guilt from the fact that he did not testify. If the jury in the case at bar had not been so directed, they might have regarded, as a criminating circumstance, the fact that he had not been sworn. The instruction, instead of being prejudicial to the accused, was favorable to him. The Minnesota case* cited by counsel is predicated upon a law materially different from the section of the statute of this state relating to the question of a defendant being sworn in his own behalf on a criminal trial. In that state the court as well as the prosecuting attorney is prohibited by express statutory provision from making any reference or comment upon the neglect or refusal of defendant to testify. Our statute is not so broad. It does not forbid the trial court from stating the fact of the omission to testify, and informing the jury, in the same connection, that no presumption of guilt should be indulged from such omission or neglect. The statute of Illinois upon the subject provides: "A defendant in a criminal case or proceeding shall at his own request be deemed a competent witness, and his neglect to testify shall not create a presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." The supreme court in that state, in *Farrell v. People*, 24 N. E. Rep., 423, construing said statute, which is almost in the same language as our own, held: "When defendant does not testify, it is reversible error to refuse to instruct the jury that no presumption of guilt should be indulged against him on that account." There was no prejudicial error in giving the tenth instruction in the case before us.

*State v. Pearce*, 57 N. W. Rep., 652.

The next assignment relates to the failure of the court to instruct the jury upon the defense of an alibi. No instruction having been requested upon this branch of the case, error cannot be successfully assigned upon the omission of the court to instruct the jury on the law of an alibi. (*Hill v. State,* 42 Neb., 503; *Housh v. State,* 43 Neb., 163; *Metz v. State,* 46 Neb., 552; *Pjarrou v. State,* 47 Neb., 294.)

We have carefully considered the other assignments of error which relate to the rulings of the court upon the admission of testimony and find nothing therein prejudicial to the rights of the accused. The judgment is

AFFIRMED.