Note—See notes in 34 L. R. A. 398; 24 L. R. A. 432; 8 R. C. L. 276; 4 R. C. L. Supp. 544.

---

HAROLD BAILEY V. STATE OF NEBRASKA

FILED DECEMBER 1, 1926.     No. 25318.

1. **Criminal Law:** INSTRUCTIONS. It is the duty of the court, without a request, to instruct the jury as to the law of the case.

2. ———: ———. Where the court in its instructions seeks to detail to the jury the material allegations necessary to be proved and by them considered, such statement of the court must embody therein every material fact essential to a recovery or conviction.

3. **Receiving Stolen Goods:** "CONCEAL" DEFINED. The word "conceal," as used in section 9612, Comp. St. 1922, relating to poultry stealing, means "to secrete with intent to deprive the owner of his property."

ERROR to the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Joseph E. Daly,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This action is one brought in the district court for Dodge county wherein the plaintiff in error, hereinafter called the defendant, was charged with receiving stolen chickens

in the first count, of which he was found not guilty by the jury; and charged in the second count, so far as necessary for our consideration, as follows: "That Harold Bailey, at and within the county of Dodge and state of Nebraska, on or about the 2d day of December, 1925, then and there being, did then and there unlawfully and feloniously conceal certain chickens, to wit, 6 Ancona hens, of the value of $5, 18 White Leghorn hens, of the value of $11, and one mixed breed rooster, of the value of $.50, of the aggregate value of $16.50, the personal property of John Betkie, said chickens having theretofore been stolen by other persons, and the said Harold Bailey, then and there well knowing the said chickens to have been stolen, with the unlawful and felonious intent of him, the said Harold Bailey, by concealing said stolen chickens to defraud the owner thereof." Upon this count he was found guilty and sentenced to imprisonment in the county jail for a period of six months. Each count was lodged under section 9612, Comp. St. 1922. To reverse this judgment as to the second count, the defendant prosecutes error to this court.

As reasons for a reversal many claimed errors are interposed. As to the challenge that the court erred in not sustaining the motion to quash, and in overruling the demurrer to the information, we find each thereof to be without merit.

However, a more serious question is presented by the challenge to instruction No. 4, given by the court on its own motion, which, so far as is necessary for our consideration, reads as follows: "The material elements of the second count of the information are as follows, to wit: (1) That the chickens in question were actually stolen. (2) That the defendant, Harold Bailey, knew said chickens were stolen at the time of his connection with the affair. (3) That the said offense occurred at or about the time alleged in the information, in Dodge county, State of Nebraska."

Bailey v. State.

Such section 9612, *supra,* provides: "Whoever steals any chickens, * * * of any value, or receives or buys any chickens, * * * that shall have been stolen, knowing the same to have been stolen, with intent, by such receiving or buying, to defraud the owner; * * * or conceals any chickens * * * knowing the same to have been stolen, shall be imprisoned in the county jail not less than ten days nor more than six months or in the state penitentiary for not more than three years nor less than one year."

It will be noticed that the essential elements of the crime charged in such second count are as contained in the instruction quoted, and in addition that the defendant concealed such chickens. Thus, the instruction quoted omits to include therein a material, if not the most material, fact necessary to be proved and found by the jury before a conviction could be had, to wit, that the defendant as charged concealed such chickens.

It is elementary that it is the duty of the court, without a request, to instruct the jury as to the law of the case. It is also equally elementary that, where the court in its instructions seeks to detail to the jury the material allegations ncessary to be proved and by them considered, such statement of the court must embody therein every material fact essential to a recovery or conviction. Otherwise, only a part of the case is submitted to the jury, when by their verdict they must respond to the entire issues raised. The omission and effect thereof make it plain to us that the learned judge at the trial simply failed to notice the above suggested omission. Such omission, however, is not qualified or amplified by the other instructions given. Hence, we must conclude that prejudicial error has been committed by the giving of such faulty instruction, and it is not within the province of a reviewing court to conclude to the contrary.

However, as we have concluded that a new trial must be had, it might be well to inquire as to the import of the word "conceal" as used in such statute, as above quoted. In construing a similar section of the federal statute, in

*Driskill v. Parrish,* Case No. 4089, 7 Fed. Cas. 1100, 3 Mc-Lean (U. S. C. C.) 631, it was held: "To harbor or conceal under the statute, there must be a manifest design to elude the claim of the master." In insurance, "Concealment is the designed and intentional withholding of any fact material to the risk, which the assured in honesty and good faith ought to communicate" to the insurer. *Daniels v. Hudson River Fire Ins. Co.,* 12 Cush. (Mass.) 416. These interpretations to us seem to be forceful. It certainly could not have been the intention of the legislature to have held as a criminal one who had found such chickens in a crate on the highway, and had taken them home with him with the intention of caring for the same until the owner could be apprised thereof, or the proper officers notified, even if such person in the meantime concealed the chickens from the view of any and all; or if an officer of the law became possessed of such chickens in a similar way and secreted them for the same purpose, certainly he could not be found guilty of criminally concealing them. The intention running all through the statute here under consideration seems to be to punish one who has, by either of the acts covered thereby, unlawfully and intentionally deprived the owner of his property, or sought to do so by such acts. While it would have been sufficient to have lodged the charge in the language of the statute, yet the county attorney did not err by including in the second count of the information the words, "with intent to defraud the owner," as such words were in law covered by, and included within, the word "conceal" as used. The added words, "with intent to defraud the owner," were but a means of making that which was plain to the court and the lawyer equally plain to the jury which was to try and determine the issues presented. It seems, in all fairness, that such interpretation of the word "conceal" should have been carried to the jury by way of a proper instruction, even if not so expressed in the information.

The other claimed errors presented are not likely to occur on a retrial, and are therefore not considered herein.

The judgment of the trial court as to the second count is reversed and the cause remanded for further proceedings. ·

REVERSED.

DEAN, J., dissents.