Agripino PACHECO, Defendant,
Appellant,

v.

The PEOPLE OF PUERTO RICO,
Plaintiff, Appellee.

No. 5971.

United States Court of Appeals
First Circuit.

April 4, 1962.

Hector Lugo Bougal, Ponce, P. R., and Jorge Diaz Cruz, Yanco, P. R., for appellant on statement on appeal under Rule 39.

J. B. Fernandez Badillo, Sol. Gen., and Hector R. Orlandi Gomez, Asst. Sol. Gen., for appellee on motion to dismiss or affirm under Rule 39.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

On this appeal from a judgment of the Supreme Court of Puerto Rico the appellant complains of deprivation of due process of law because the information on which he was tried for a misdemeanor, violating the so-called "Bolita Act," Act No. 220 of May 15, 1948, 33 L.P.R.A. §§ 1247–1257, was based on the testimony of witnesses who appeared before and were heard under oath and examined by a district judge who later, on elevation to the Superior Court, presided at the appellant's trial, found guilt and passed sentence.

The facts upon which the appellant bases his claim of deprivation of constitutional right are of record, and even without reference to the record, certainly must have been known by him and his counsel at the time of the trial. Yet he did not raise the constitutional question upon which he now relies at his trial or even in his notice of appeal to the Supreme Court of Puerto Rico.

██ The first hint of any possible assertion of constitutional infirmity in his conviction came over four months after trial when his counsel entered into a stipulation with the District Attorney as to the fact of record that the judge who presided at the trial had also acted as a committing magistrate. So far as appears in the record before us, appellant's counsel first raised the claim of deprivation of constitutional right in the Supreme Court of Puerto Rico. It seems to us that by waiting until that late stage of the proceeding to raise his constitutional question the appellant waived whatever right he might possibly have had. See Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 677, 88 L. Ed. 834 (1944), in which the Court said:

"No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * *"

760

■ If a judge is subject to disqualification, the party concerned must complain promptly. He cannot be allowed to wait to see how the judge decides. In re United Shoe Machinery Corp., 276 F.2d 77, 79 (C.A.1, 1960).

An order will be entered dismissing the appeal under Rule 39(b) of this court.

Before MOORE, FRIENDLY and MARSHALL, Circuit Judges.