STATE OF NEBRASKA, APPELLEE, v. EDWIN J. OLTJENBRUNS, APPELLANT.

193 N. W. 2d 744

Filed January 21, 1972. No. 38013.

Richard E. Mueting, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a prosecution under section 28-522, R. R. S. 1943, for concealing a motorcycle with knowledge that it had been stolen, with the intent to defraud the owner thereof. From a jury conviction and sentence in the district court, the defendant has appealed. We affirm the sentence and judgment of the district court.

A mini-bike was stolen in a burglary of the Cleveland Farm Supply, an implement business, in Orchard, Nebraska, sometime between the closing of the business on the evening of July 9, 1970, and the early morning of July 10, 1970. The owner of the business, Vern A. Cleveland, testified that he was the owner of a mini-bike on July 9, 1970. He described his mini-bike and gave its serial number. The invoice, bill of lading, manufacturer's statement of origin, and the mini-bike were then received in evidence. Officer Calhoun identified the mini-bike as the same one found in the pickup truck operated by the defendant.

The defendant was operating a pickup truck, owned by him and one Ernest C. Aldrich, in an easterly direction on Omaha Avenue in Norfolk, Madison County, Nebraska, at approximately 4:50 a.m. in the early morning of July 10, 1970. At the same time, police officer Calhoun of Norfolk was at the intersection of Omaha Avenue and Logan Street in Norfolk, rerouting traffic around a house that was being moved. He stopped the pickup being operated by the defendant and advised him of the condition of the highway and that he would have to take a route through the town to get around the house which was being moved. Following this advice, the defendant proceeded to take the indicated route. As the defendant was making a turn to go north, the officer observed a number of items in the rear of the pickup truck, including the mini-bike owned by the Cleveland Farm Supply. It had been drizzling and raining that morning. The officer testified that the mini-bike was partially covered up. Besides the mini-bike, the officer observed as the pickup drove away from the point of original contact, a number of shotgun butts that were still bearing "manufacturer's tags." The evidence of ownership of the mini-bike was conclusive. Cleveland produced as evidence of ownership a bill of lading and an invoice and a manufacturer's statement of origin, the latter two bearing the same serial number which appeared on the mini-bike. The mini-bike was unused and was in Cleveland's shop for the purpose of sale. There is no evidence in the record of proof of ownership on the part of the defendant, no registration certificate, no invoice, no bill of sale, nor certificate of title.

After the officer had observed the partially covered mini-bike and the new shotgun butts with the manufacturer's tags on them, he became suspicious and followed the defendant on the route to which he had directed him. After the officer's observation of the above items in the rear of the pickup as defendant proceeded, the officer stopped the defendant and asked him for

identification, which the defendant supplied. The officer, after observing the contents of the pickup truck which we have described heretofore, informed the defendant that he was detained for investigation and took him to the police station. Other facts in connection with the arrest and the subsequent search of the pickup truck at the police station will be recited in the course of the opinion.

The defendant contends that the search was illegal and therefore the production in evidence of the mini-bike and the newly manufactured shotgun butts was erroneous and in violation of his Fourth Amendment rights. This court has had occasion to pass upon the applicable principles governing the determination of the validity of a warrantless search either with or without an arrest in many cases. We summarize by stating that we have held that in a warrantless search the controlling factor is whether the officer had reasonable grounds before the search to make an arrest; and in that connection the essential test is whether the facts available at the moment of the search would warrant a man of reasonable caution to believe that the action taken is appropriate. The existence of probable cause must be determined by a practical, and not by any technical, standard. State v. Harding, 184 Neb. 159, 165 N. W. 2d 723; State v. Goings, 184 Neb. 81, 165 N. W. 2d 366; State v. Carpenter, 181 Neb. 639, 150 N. W. 2d 129.

In this case we have the situation of the defendant, who was a complete stranger to the officer, operating a pickup truck in the early morning hours and bearing a registration and license from a location two counties distant from the scene of his observation, and at a time at which no business is normally conducted. As the vehicle moved away from the officer he could observe in the rear box of the pickup a number of new shotgun butts with the manufacturer's tags still on them, indicating that they were new, and a new mini-bike, which

were partially covered with some blankets or rugs. After making this observation the officer overtook the defendant for the purpose of further investigating what he had already seen in plain sight in the rear box of the pickup. From the record it is inferred that on the inspection of these objects which he had already seen, the officer determined, and it was a fact, that there was no certificate of registration for the mini-bike or any other proof of ownership to the objects observed. Section 28-522, R. R. S. 1943, provides that possession of a motorcycle without a certificate of registration to the possessor is prima facie evidence of guilt under the particular statute the defendant was prosecuted on. The officer having observed absence of any evidence of registration on the mini-bike, and lack of any indicia of ownership to it, was clearly entitled to act upon these facts which are prima facie evidence of guilt under the statute. No explanation of defendant's possession appears in the record. We point out further, as far as probable cause is concerned, that the possession by the defendant of a number of apparently new shotgun butts with manufacturer's tags on them is a highly suspicious circumstance. Directly pertinent is what we recently said in State v. Rys, 186 Neb. 341, 183 N. W. 2d 253, as follows: "There are numerous cases holding that when materials in an automobile which are indicative of a criminal offense are in plain sight of an officer looking into the automobile from the outside, a search is justified and legal."

Applying a practical, and not a technical standard, and realizing that a police officer is free to draw upon the general knowledge that he has developed in the course of his training and experience, and considering the totality of the circumstances, we have no doubt that the materials observed in the pickup, together with the other suspicious circumstances of the hour of the day and the foreign registration of the truck, were sufficient probable cause to justify the retention and the search. The

analogy to our holding in State v. Carpenter, *supra,* is quite obvious. There, as here, we were dealing with a motor vehicle from another county with a foreign registration that was observed at an early morning hour. And again, in the process of identifying the vehicle and the occupants, and without having already made any arrest, the police officers observed in plain sight certain objects (burglary tools) which gave the appearance of being tools of such a character as to be susceptible to use for burglary purposes; and, for the possession of which tools, the vehicle occupants offered no satisfactory explanation to the officers. We held in that case, on its facts, the officers were justified in making a subsequent search of the vehicle and, based upon the information acquired thereby, arresting the occupants. As we see it, this case is stronger than that of State v. Carpenter, *supra,* for the reason that the observation of the materials in this case discloses affirmatively that they were without registration or indicia of ownership and were, therefore, presumptively stolen. We therefore hold that the search and the arrest were with probable cause and there is no merit to this contention by the defendant.

The defendant contends that there was insufficient evidence of exclusive possession and his knowledge of the truck contents to sustain the conviction. Under the facts in this case the following from State v. Rys, *supra,* is applicable, wherein we said: "Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or *in an automobile possessed and operated by him,* the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence." (Emphasis supplied.) The evidence of the defendant's operation and the possession of the automobile is undisputed. There is no merit to this contention.

Defendant contends that there is no proof of his knowledge that the mini-bike was stolen. The answer is

that the very section of the statute under which the defendant is being prosecuted, section 28-522, R. R. S. 1943, makes the fact that the defendant had no registration for the mini-bike a presumption not only that he knew it was stolen but also that he is the one who stole it. Independent of the statutory presumption, there is no rule which requires that guilty knowledge must be established by direct evidence; rather, the element of guilty knowledge and intent may be established by purely circumstantial evidence. The facts herein recited coupled with the unexplained possession of recently stolen goods is sufficient circumstantial evidence upon which the jury may base a finding of guilty knowledge or intent. State v. Henry, 174 Neb. 432, 118 N. W. 2d 335; State v. Solano, 181 Neb. 716, 150 N. W. 2d 585; State v. Perez, 182 Neb. 680, 157 N. W. 2d 162.

The defendant next contends there was no evidence that he actually concealed the mini-bike, that being one of the elements of the offense under the statute, section 28-522, R. R. S. 1943. The defendant would have us interpret the word "conceal" out of context with the meaning and the purpose of the statute. It does not mean that there must be proof that the defendant literally and completely concealed both himself and the stolen articles from all public view. It simply means that he takes possession of the goods in such a manner as to conceal them from the rightful owner and deprive the owner of his property. Bailey v. State, 115 Neb. 77, 211 N. W. 200.

It is contended there is not appropriate evidence of ownership. He contends this because, apparently, the name of the complaining witness is not recited as the assignee in the manufacturer's certificate. Section 60-105, R. S. Supp., 1969, does not require this. All that section requires is that the owner have actual physical possession and that he have a title or a manufacturer's or importer's certificate. Both conditions exist here. Cleveland's oral testimony of the operation of the busi-

ness, the possession of the exact mini-bike, and the identification of the serial number of the mini-bike are sufficient evidence of ownership to justify the jury's findings in that respect. We observe also that along with the manufacturer's certificate there is in evidence the original invoice and the bill of lading to Cleveland which clearly establish ownership in the complaining witness.

The defendant contends that he is entitled to reversal because of error in the opening statement of the prosecution in that the prosecuting attorney failed and neglected to mention in it some of the essential elements of the offense charged. There is a conflict in evidence in this respect, but we do not resolve this conflict. The statute requires that counsel for the state *must* state the case of the prosecution and may briefly state the evidence by which he expects to sustain it. It contains no requirement that the prosecution must specifically enumerate all of the necessary elements of the offense. This contention is totally without merit.

The contentions of the defendant cannot be sustained. No prejudicial error appears in the record of this case. The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.