STATE OF NEBRASKA, APPELLEE, V. LARRY KNOWLES, APPELLANT.

220 N. W. 2d 30

Filed July 11, 1974. No. 39346.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted of receiving stolen property, to-wit: A Scott four channel amplifier. He complains of an instruction given relative to a presumption of knowledge that the property had been stolen arising from the fact of possession. We affirm the judgment of the District Court.

The amplifier was stolen in March 1972. On February 20, 1973, it was pawned by defendant and never reclaimed. When pawned, defendant remarked he had purchased it in California for a sum in excess of $500. At the time it was pawned, the amplifier had a value of $200 to $250. The defendant rested at the conclusion of the State's case without offering further evidence explaining his possession of the amplifier. Both counsel

examined the instructions prepared by the court. Defendant's counsel stated: "Anyway, also, we have the Defendant, and the Defendant has no objections to any of the instructions." A motion for new trial was not filed.

The court instructed that, among other elements, the State had to prove beyond a reasonable doubt that the defendant received the amplifier knowing it had been stolen and with the intent to defraud the owner. The usual instructions on the presumption of innocence, reasonable doubt, and intent were also given. At defendant's request two instructions were given, to-wit: "Instruction No. 11 Guilty knowledge on the part of the accused that the property received is stolen cannot rest on mere supposition.

"Instruction No. 12 The mere possession of stolen goods does not in and of itself establish guilty knowledge, but is a circumstance to be considered with all the other evidence bearing upon such issue."

Instruction No. 13 given by the court is as follows: "Possession of recently stolen property ^ is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

"However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

"The term 'recently' is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time

since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession."

Defendant now asserts that there was a violation of due process in that the court failed to qualify the instruction by inserting the words "when such possession is unexplained," at the ^ checkmark noted.

Under all the circumstances, we do not believe the situation is one of plain error. Under the instructions given, the jury necessarily found beyond a reasonable doubt that defendant knew the property had been stolen and in so finding necessarily discounted his statement that it had been bought in California. It may be noted that his statement that he paid over $500 for such a second-hand item strains credulity and he failed to offer any evidence whatever to corroborate his statement about the California purchase. We nevertheless condemn the practice of omitting the language mentioned from the instruction.

The defendant did not object to the instruction at the conference on instructions. Neither has he filed a motion for new trial. The correctness of a ruling of the District Court in giving or refusing instructions cannot be considered by the Supreme Court unless such ruling is first challenged in the District Court by a motion for new trial. See State v. Middleton, 187 Neb. 821, 194 N. W. 2d 568.

"For a question of constitutionality to be considered in this court, it must be previously raised in the trial court. If it is not raised in the trial court it may not be considered in this court." State v. Mayes, 183 Neb. 165, 159 N. W. 2d 203.

Defendant also assigns as error the failure of the trial court to direct a verdict for defendant. The assignment is without merit.

The judgment of the District Court is affirmed.

AFFIRMED.

BRODKEY, J., not participating.

McCOWN, J., dissenting.

In refusing to consider plain error in instruction No. 13, the majority opinion goes further than our cases have gone before. It refuses to acknowledge that an instruction is erroneous if it allows possession of recently stolen property, standing alone, to be treated by inference as prima facie evidence of guilt of a defendant charged with receiving stolen property. The opinion reaches that result by saying that the jury must have discounted the defendant's uncontradicted explanation. This merely emphasizes the fact that the instruction permitted the jury to find the defendant guilty of receiving stolen property by inference from the bare fact that he was found in possession of the stolen goods. The result is that the defendant has the burden of proving lack of guilty knowledge and the State is relieved of its obligation to prove that the defendant knew the property was stolen.

The Pennsylvania Supreme Court recently overruled a long line of its cases which permitted a jury to infer a defendant's guilt of possession of stolen goods from his recent unexplained possession of them. See Commonwealth v. Owens, 441 Pa. 318, 271 A. 2d 230 (1970). Cited as ground for that overruling were Leary v. United States, 395 U. S. 6, 89 S. Ct. 1532, 23 L. Ed. 2d 57; and Turner v. United States, 396 U. S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610.

The possession of recently stolen property, when coupled with a lack of satisfactory explanation, or a false explanation or other incriminating circumstances or conduct, is sufficient to support a verdict of guilty. See, State v. Solano, 181 Neb. 716, 150 N. W. 2d 585; State v. Perez, 182 Neb. 680, 157 N. W. 2d 162; State v. Henry, 174 Neb. 432, 118 N. W. 2d 335; State v. Oltjenbruns, 187 Neb. 694, 193 N. W. 2d 744. This court has been and should remain committed to the rule that un-

explained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge, but standing alone it will not support an inference of guilty knowledge nor authorize conviction. That is the modern rule in the great majority of jurisdictions. It should be reaffirmed here.

BOSLAUGH, J., dissenting.

In my opinion instruction No. 13 conflicted with instruction No. 12 and was erroneous.