STATE OF NEBRASKA, APPELLEE, V. DAVID J. MORENO, APPELLANT.

227 N. W. 2d 398

Filed March 27, 1975. No. 39546.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The District Court, after holding a full hearing, revoked the defendant's probation on one count of robbery and one count of using a knife in the commission of a felony. No issue is presented as to the sufficiency of the evidence to sustain the judgment of revocation or as to the excessiveness of the sentence. The sole question presented is whether the defendant was granted a preliminary "Morrissey" hearing before an independent decision maker. We affirm the judgment and the order of revocation entered by the District Court.

The record shows that a preliminary hearing on the complaint of the defendant's mother was held before the chief adult probation officer of Douglas County, Nebraska, on January 3, 1974. The hearing officer filed a report finding probable cause for violation of the terms of the probation and referred the matter to the District Court for final hearing or trial. On January 7, 1974, the county attorney filed a motion for the re-

vocation of the probation, setting forth the reasons therefor. At the time of the trial or the final hearing before the District Court on January 29, 1974, the defendant appeared with counsel and on his lawyer's request was given an opportunity to file a formal response to the motion. The court at that time also gave permission to file a later written response, if the defendant's counsel so desired. None was filed. The record shows that the defendant was given a full and complete opportunity to file any objections or contentions that he had with reference to the preliminary hearing at this time. In fact, the defendant's counsel admitted paragraphs 1, 2, and 3 of the motion for revocation and denied the allegations of violation contained in paragraph 4. Paragraph 5 of the State's motion for revocation stated as follows: "That the defendant has been afforded notice of a 'Morrissey' preliminary hearing, receipted for notice of same, has attended said hearing and hearing officer, Patrick Krell, Chief Adult Probation Officer, has filed a written report of same. That said notice, receipt and written report are labeled Exhibits 'A', 'B', and 'C'; attached hereto and by reference made a part hereof." Responding to paragraph 5, the defendant admitted the notice of the "Morrissey" hearing. He further admitted all the other allegations contained in paragraph 5, "but with the understanding we're not admitting the truth of the contents of any of the documents referred to." At the end of this response the court inquired of the defendant's counsel as follows: "Are you ready to proceed with the evidence, Mr. Levy?" The defendant, through counsel, responded, "I am ready, Your Honor."

It is almost redundant to state that the defendant, through counsel, with full awareness of the nature of a "Morrissey" hearing, and being fully advised of who the hearing officer was, and the nature and the contents of the report finding probable cause, and although denying the truth of the factual allegations of the re-

port, stated no procedural objections to the hearing and affirmatively stated that he was ready to proceed with the trial on the issues as to violation of the defendant's probation. The record also reveals the defendant had been informed, when notified of the preliminary hearing, that he had a right to an attorney; and that he appeared at the hearing and never objected to the chief probation officer acting as the preliminary hearing officer. Neither at the preliminary hearing nor at the subsequent hearing, represented by counsel, was any request ever made for another preliminary hearing before a different hearing officer. The defendant's counsel was the same counsel who had represented him in the original trial. Further, it is inferable from the record that another and different probation officer had the supervision and control of the defendant's probation. It does *not* appear that the hearing officer, Krell, was in actual charge of the supervision and control of the defendant on probation. The direction of the court in the probation proceedings, was to Krell, "and whoever he assigns to you."

It further appears that at no time during the course of the proceedings in District Court did the defendant or counsel raise any objections to the preliminary hearing or the disqualification of the hearing officer. The defendant now first complains, through different counsel, of this alleged defect in his assignment of error in his brief in this court.

It is not disputed that an uninvolved hearing officer, who has had no direct connection with the case, should determine whether probable cause exists for revocation of probation in order to meet due process requirements. Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656; Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484. For a question of constitutionality to be considered by this court it must be previously raised in the trial court. State v. Knowles, 192 Neb. 281, 220 N. W. 2d 30. Such a right may be waived by

failure to timely and properly assert the defect, under controlling United States Supreme Court decisions. In Yakus v. United States, 321 U. S. 414, 64 S. Ct. 660, 88 L. Ed. 834, the court stated that no procedural principle is more familiar than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. See, also, Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124; Henry v. Mississippi, 379 U. S. 443, 85 S. Ct. 564, 13 L. Ed. 2d 408. In Pacheco v. People of Puerto Rico, 300 F. 2d 759, the circuit court held that a defendant waived his constitutional objection to the fact the same judge who had presided at his trial and heard the witnesses on whose testimony the criminal information was based. The issue was first raised on appeal to the Puerto Rico Supreme Court. The court stated, citing Yakus v. United States, *supra*, as follows: "The facts upon which the appellant bases his claim of deprivation of constitutional right are of record, and even without reference to the record, certainly must have been known by him and his counsel at the time of the trial. Yet he did not raise the constitutional question upon which he now relies at his trial or even in his notice of appeal to the Supreme Court of Puerto Rico. * * * It seems to us that by waiting until that late stage of the proceeding to raise his constituional question the appellant waived whatever right he might possibly have had."

It becomes clear, therefore, that the defendant has waived whatever right he may have had, and has failed to properly raise the question for consideration on appeal to this court. The contention is without merit.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.