STATE OF NEBRASKA, APPELLANT, V. ROBERT L. ROTH,
APPELLEE.

331 N.W.2d 819

Filed April 1, 1983. No. 82-824.

Michael G. Heavican, Lancaster County Attorney,
and Thomas S. Jaudzemis, for appellant.

Robert B. Creager of Berry, Anderson, Creager &
Wittstruck, for appellee.

McCown, J.

This is an appeal by the State to a single judge of
the Supreme Court for summary review of an order
of the District Court for Lancaster County granting a
motion to suppress physical evidence in a criminal
case charging possession of cocaine with intent to
deliver. The application for and grant of review
have been made pursuant to Neb. Rev. Stat. § 29-824
(Cum. Supp. 1982).

On September 26, 1981, two undercover police of-
ficers of the Lincoln Police Department were de-
tailed for surveillance of a residence in Lincoln, Ne-
braska, in connection with a drug investigation.
When they arrived at the scene, the officers noticed
a pickup truck with a camper shell on it parked in
front of the house. As the officers watched, a man,
a woman, and a small child walked from the yard to
the area near the camper, and the man placed an ar-
ticle in the back of the camper. Shortly afterward,
the woman and child went into the house and the
man got in the pickup and drove away.

The officers followed in their unmarked car for a
few blocks and obtained the license number of the
pickup. There were no traffic violations by the ve-
hicle, but at a heavy traffic intersection a few blocks
from the house the officers lost the pickup. The of-
ficers ran a radio check on the license number of the

pickup and were informed that the license plates had expired.

The undercover officers called for assistance from the uniformed division to locate the pickup. Officer Knuth was detailed to assist the undercover officers. She located the pickup parked on the street in front of a house 4 or 5 blocks away from the intersection where the officers had lost it. It was in a residential area of Lincoln which had no history of drug traffic. Officer Knuth informed the undercover officers by radio of the location.

The two undercover officers met her near that location and informed her that the first residence had been under surveillance by the undercover officers and that the driver of the pickup had come from that house and placed something in the rear of the camper. She knew that the undercover officers worked with the drug unit. She was also told by the undercover officers to ticket the pickup for improper plates and to look closely to see if any drugs or drug paraphernalia were in plain view.

Officer Knuth went to the parked pickup and ticketed it for improper plates. The window on the driver's side was open and she looked into the cab of the pickup and observed a partially smoked hand-rolled cigarette resting in plain view in the open ashtray. In her opinion it was a marijuana cigarette.

Officer Knuth radioed the information to the undercover officers and was instructed to watch the vehicle. Officer Knuth was parked approximately a block away from the pickup. She saw a white male come out of the house and enter the pickup truck. He remained in the truck a short time and then got out and went back into the house. Two or three minutes later he again came out, got into the pickup, and drove away. Officer Knuth followed. She activated her red lights and followed for a few blocks, honking her horn, but had no response. She turned on her siren and the pickup pulled over and stopped. Officer Knuth had called for assistance as she fol-

lowed, and Officer Palmer arrived·on the scene as the pickup pulled over.

Officer Knuth approached the pickup and asked the driver for his license and registration. He handed her his license and she told him that she wanted to talk to him about the "roach" in the ashtray. The driver leaned over, pushed the cigarette into the ashtray, closed the ashtray, and told Officer Knuth it was not important. Officer Knuth asked him to get out of the vehicle and ordered him to stand with Officer Palmer.

Officer Knuth got into the vehicle, removed the marijuana cigarette from the ashtray and examined it, noting the presence of seeds, and identified it as a marijuana cigarette. Officer Knuth then asked the driver what the roach was doing in the truck and he replied it belonged to someone else whose name he could not reveal. The driver was cited and placed under arrest for possession of marijuana, patted down, and put in the back seat of the police cruiser.

Officer Knuth and Officer Palmer then proceeded to search the cab of the pickup. They opened the glove compartment where they discovered a bag containing a sifter, a small bottle, and a white powdery substance which was identified as cocaine. The defendant was thereafter charged with possession of cocaine with intent to deliver.

The defendant filed a pretrial motion to suppress the physical evidence seized from the pickup cab. Following the evidentiary hearing on the motion the District Court found that the search incident to a lawful arrest doctrine was not applicable, and there was no probable cause to search inside the vehicle. The District Court therefore granted the motion, suppressed all physical evidence seized from the cab of the pickup, and this appeal followed.

The critical issue in this case is whether probable cause existed to arrest the defendant for possession of marijuana at the time Officer Knuth ordered the defendant out of the pickup. This court has con-

sistently followed the doctrine that where contraband materials in a motor vehicle are in plain view of an officer, who has a lawful right to be in the position from which he makes his observations, there is probable cause to make an arrest and seize the contraband. See, *State v. Shepardson,* 194 Neb. 673, 235 N.W.2d 218 (1975); *State v. Oltjenbruns,* 187 Neb. 694, 193 N.W.2d 744 (1972).

In the case at bar Officer Knuth knew from her previous personal observation that what she reasonably believed to be a marijuana cigarette was in the ashtray of the pickup. When she later stopped the pickup and told the defendant she wanted to talk to him about the roach, the defendant's conduct and comments confirmed her observations and constituted probable cause for an arrest on a charge of possession of marijuana.

Since there was probable cause for arresting the defendant on a charge of possession of marijuana, this case is controlled by *New York v. Belton,* 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981). The facts in that case are remarkably similar to those in the case at bar. The issue in *Belton* was whether, in the course of a search incident to the lawful custodial arrest of the occupants of an automobile, police may search inside the automobile after the arrestees are no longer in it. In *Belton* the Supreme Court held that when a police officer has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. The police officer may also examine the contents of any containers found within the passenger compartment. The Court's definition of "containers" includes glove compartments and bags such as are involved in the case at bar.

The finding of the District Court that the search of the pickup cab was not incident to a lawful custodial arrest was erroneous. Therefore, the order of the

District Court suppressing all contraband seized from the pickup must be reversed.

REVERSED.